UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
RAJAGOPALA SAMPATH RAGHAVENDRA
a/k/a RANDY S. RAGHAVENDRA,

                            Plaintiff,

          -against-

THE TRUSTEES OF COLUMBIA UNIVERSITY,
LEE C. BOLLINGER, individually and as President of
Columbia University, ROBERT KASDIN, individually
and as Senior Executive Vice President of Columbia
University, and WILLIAM R. SCOTT, individually and
as a Deputy Vice-President of Columbia University ,


                           Defendants.

----------------------------------------------------------------------X

Index No.:
06-CV-6841 (PAC)
(HBP)


## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION


**LAW OFFICES OF**
**Louis D. Stober, Jr., LLC**
**350 Old Country Road**
**Suite 205**
**Garden City, New York 11530**
**(516) 742-6546**
**(516) 742-8603 fax**

TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. i

INTRODUCTION ........................................................................................................... 1

STATEMENT OF FACTS ................................................................................................ 1

ARGUMENT .................................................................................................................. 2

    SINCE PLAINTIFF MUST PROVE HIS CASE BY CIRCUMSTANTIAL EVIDENCE,
    THE COURT SHOULD COMPEL DEFENDANTS TO PRODUCE DOCUMENTS
    SHOWING HOW OTHER EMPLOYEES WERE DISCIPLINED FOR MISUSING
    UNIVERSITY RESOURCES OR FOR INSUBORDINATION .............................................. 2

CONCLUSION ................................................................................................................ 5

# TABLE OF AUTHORITIES

Abel v. Merrill Lynch & Co., Inc., 1993 WL 33348 (S.D.N.Y. Feb. 4, 1993) ......... 3, 5

Brinson v. New York City Transit Authority, 60 F.Supp.2d 23 (E.D.N.Y. 1999) .... 4

Burlington Northern & Santa Fe Railway Co. v. White,
126 S.Ct. 2405 (2006).   ...................................................................... 3

Hollander v. American Cyanamid Co., 895 F.2d 80 (2d Cir. 1990).................... 3, 4, 5

James v. New York Racing Ass'n, 233 F.3d 149 (2d Cir 2000). ....................... 3

McDonnell Douglas v. Green, 411 U.S. 792, 803 (1973). ............................. 3

Raghavendra v. Trustees of Columbia Univ., 2008 WL 2696226
(S.D.N.Y. 2008)............................................................................. 1, 4

Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133 (2000) ..................... 3

Sumner v. U.S. Postal Serv., 899 F.2d 203 (2d Cir. 1990)............................. 4

Tang v. Jinro America, Inc.,  2008 WL 4163183 (E.D.N.Y. 2008) ..................... 2

Terry v. Ashcroft, 336 F.3d 128 (2d Cir. 2003). ...................................... 3

Virgin Atlantic Airways v. Nat. Mediation Bd., 956 F.2d 1245
(2d Cir.), cert. denied, 506 U.S. 820, 113 S. Ct. 67 (1992) ........................... 2

Wards Cove Packing Co. v. Antonio, 109 S. Ct. 2115 (1989) .......................... 3, 5

**Statutes and Rules**

42 U.S.C. § 1981 ................................................................... 1

42 U.S.C. § 1983 ............................................................ 1

Fed. R. Civ. P. 26 ........................................................... 1, 3

Fed. R. Civ. P. 59 ........................................................... 1

Local Rule 6.3 ............................................................. 1

New York State Human Rights Law .......................................... 1

New York City Human Rights Law ........................................... 1

Title VII of the Civil Rights Act of 1964 ................................. 1

## INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 26 and 59 and Local Rule 6.3, Plaintiff intends to move this Court, at such a time as he may reasonably be heard, and upon this Notice and the Memorandum of Law attached hereto, for the Court to reconsider its decision denying Plaintiff discovery under request number 31 in Plaintiff's First Set of Document Demands.

## STATEMENT OF FACTS

In this civil rights action, Plaintiff seeks recovery for failure to promote, retaliation, and wrongful termination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 1981 and 1983, and the New York State and City Human Rights Laws. See Raghavendra v. Trustees of Columbia Univ., 2008 WL 2696226 *1 (S.D.N.Y. 2008).

On or about December 22, 2008, Plaintiff served his First Set of Document Demands. Number 31 of these document demands requests:

> All documents concerning disciplinary action taken against any employee who was previously employed or is currently employed in any officer grade position, including and up to the executive vice president level, in the IRE and Facilities departments during all relevant times [the beginning of Plaintiff's employment and the present, as defined in Specific Instruction 18].

On May 15, 2009, the parties submitted a joint letter to the court regarding their discovery disputes. Plaintiff, in a good faith effort to gain Defendants' compliance with this request, narrowed the request to specify the documents requested to:

> a) the disciplinary records of employees in the IRE – Facilities Department officer grades; b) any discipline of IRE – Facilities employees who allegedly misused University property and/or resources; c) the disciplinary records of Terry E. Burdick; and d) the disciplinary records of Enzo Rodriguez and the eleven other employees who were involved in a time card/overtime/clocking in/out/fraud issue; and e) any other employees who were disciplined for abuse of Columbia University property and resources, including but not limited to stealing, fraud,

1

sexual harassment, use of drugs or alcohol, and sleeping on the job.

(Friedfel letter of May 15, 2009.)

Defendants responded that disciplinary records of those who used drugs or slept on the job as irrelevant to the litigation. Defendants agreed "to produce disciplinary records regarding incidents in which employees in the Facilities Department were found to have been disciplined for the same reasons the Plaintiff was terminated," and give as examples misusing University property or insubordination. (Friedfel letter of May 15, 2009.)

The Court then denied Plaintiff's motion to compel production of documents responsive to Request 31. (Docket # 86.)


## ARGUMENT

A party may move for reconsideration or reargument if there is a matter or controlling decision overlooked by the court. Local Civil Rule 6.3. "Reconsideration is also appropriate in light of an intervening change of controlling law, the availability of new evidence, the need to correct a clear error, or to prevent manifest injustice." Tang v. Jinro America, Inc., 2008 WL 4163183, 2 (E.D.N.Y. 2008); see also Virgin Atlantic Airways v. Nat. Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.), cert. denied, 506 U.S. 820, 113 S. Ct. 67 (1992).


## SINCE PLAINTIFF MUST PROVE HIS CASE BY CIRCUMSTANTIAL EVIDENCE, THE COURT SHOULD COMPEL DEFENDANTS TO PRODUCE DOCUMENTS SHOWING HOW OTHER EMPLOYEES WERE DISCIPLINED FOR MISUSING UNIVERSITY RESOURCES OR FOR INSUBORDINATION

The Court should compel the requested documents since such evidence is relevant and probative of plaintiff's claims of discrimination and pretext. To establish a prima facie case of

2

discrimination, a plaintiff must show that 1) he is a member of a protected class; 2) he is qualified for the position; 3) he suffered an adverse employment action and 4) there is a connection between the adverse action and the discrimination. Reeves v. Sanderson Plumbing Prods. Inc., 530 U.S. 133, 142 (2000); Terry v. Ashcroft, 336 F.3d 128, 137-38 (2d Cir. 2003); see also Burlington Northern & Santa Fe Railway Co. v. White, 126 S.Ct. 2405, 2410 (2006).

Once the plaintiff establishes a prima facie case, the defendants may articulate a legitimate, non-discriminatory reason for their action; then the plaintiff must show the reason given is pretext for the real, discriminatory reason. McDonnell Douglas v. Green, 411 U.S. 792, 803 (1973). The plaintiff need only submit sufficient evidence to allow a reasonable fact finder to conclude that the defendants' proffered reasons are pretextual. James v. New York Racing Ass'n, 233 F.3d 149, 154 (2d Cir 2000).

An individual who has suffered individual discrimination can use statistical evidence to show "company-wide practices." Hollander v. American Cyanamid Co., 895 F.2d 80, 84 (2d Cir. 1990). In Hollander, the Second Circuit found that the district court's denial of plaintiff's motion to compel an answer to an interrogatory that requested the identity of terminated employees in the plaintiff's protected class and the reasons for such termination unduly limited the plaintiff's ability to show the pretext necessary to establish wrongful termination. Id. Since a plaintiff's showing of pretext often relies heavily on circumstantial evidence, Fed. R. of Civ. P. 26's prescription for broad discovery should allow the discovery of relevant circumstantial evidence such as the reasons for other employees' discipline. See id. at 84-85; Abel v. Merrill Lynch & Co., Inc., 1993 WL 33348 *2 (S.D.N.Y. Feb. 4, 1993) (citing Wards Cove Packing Co. v. Antonio, 109 S. Ct. 2115, 2125 (1989) (compelling defendants to produce the statistical data from termination reports).

3

The <u>Hollander</u> court also required the disclosure not just in the employee's division, but throughout the entire company. <u>Id.</u> at 84. <u>Cf.</u>  <u>Brinson v. New York City Transit Authority</u>, 60 F.Supp.2d 23 (E.D.N.Y. 1999) (dismissing plaintiff's case, in part, because she failed to show "that she was treated differently from other, white employees who accumulated the kind of disciplinary record she accumulated."); <u>see also</u> <u>Sumner v. U.S. Postal Serv.</u>, 899 F.2d 203, 211 (2d Cir. 1990) (finding that given "the milieu of the office," the employer improperly terminated the plaintiff for insubordination when more those who committed more severe infractions but did not file an EEO complaint received lighter punishment).

Judge Crotty explicitly stated Mr. Raghavendra's specific allegations of pretext:

> that the proffered reason for his firing – improper use of University letterhead –
> was merely pretextual (Second Am. Compl. ¶ 229), that White employees were
> not terminated despite more egregious violations of University policy (Second
> Am. Compl. ¶ 229 n. 6), and that his termination was intended to send a 'loud and
> clear message' to other 'Black/Minority' employees (Second Am. Compl. ¶ 238).

<u>Raghavendra</u>, 2008 WL at *9.

Whether Mr. Raghavendra's termination was determined as a result of discrimination and retaliation will only become evident by evaluating the treatment of similarly situated employees. Mr. Raghavendra has even gone so far as to identify a few of the individuals he was aware of who committed the same acts; for example, he identified Enzo Rodriguez and eleven other employees who misused University time and timecards. (Friedfel letter May 15, 2009.) Certainly "sleeping on the job" is a misuse of University resources and time, as is alcohol or drug use if it is done at work or on University premises. As in <u>Hollander</u>, Mr. Raghavendra is entitled to those records showing how the University treated other individuals who misused University resources, property, and time.  Therefore, the Court should compel Defendants to provide the documents responsive to Demand 31.

4

Further, Columbia, as part of its defense, asserts that Mr. Raghavendra failed to cease a particular course of action when warned that the action could result in termination. (See Defs. Ans. ¶¶ 34-39, September 30, 2008.) The broader term for this notion is that Defendants allege that Mr. Raghavendra was insubordinate. Applying Hollander, Mr. Raghavendra is entitled to those records showing the University's treatment of insubordinate employees both within and without his protected class. If White employees that the University believes have been insubordinate are treated more favorably than Black or other minority employees have, such circumstantial evidence is necessary for the Plaintiff to show pretext. Thus, the Court should compel Defendants to provide all documents responsive to Demand 31.

The Defendants themselves, in Ms. Friedfel's May 15, 2009 letter, do not deny that their treatment of employees who committed similar acts to the Plaintiff are relevant. Thus, as Hollander instructs, the Court should compel Defendants to follow through on their agreed production and not limit such production to foreclose Plaintiff's opportunity to prove pretext with circumstantial evidence.

A reasonable jury could find that the University favored White employees by giving them less severe penalties for misuse of University resources or insubordination than it did Mr. Raghavendra based on discrimination. The Federal Rules of Civil Procedure intend to allow the type of wide reaching discovery that Mr. Raghavendra requests. As in Abel, this court should follow the instructions of the Ward's Cove decision to allow broad access to Columbia University records. Thus, Plaintiff requests the Court grant plaintiff's motion to compel.

## CONCLUSION

In light of the caselaw permitting broad discovery and the necessity for the Plaintiff to

5

show pretext through circumstantial evidence in this civil rights case, the Plaintiff respectfully requests that the Court reconsider Plaintiff's motion to compel production in response to Demand 31 and compel the requested production.

Dated: Garden City, New York
       June 15, 2009

                                       Respectfully submitted,
                                       Law Offices of Louis D. Stober, Jr., LLC

                                       By: Sheila S. Hatami (SH 7954)
                                       *Attorneys for Plaintiff*
                                       350 Old Country Road, Suite 205
                                       Garden City, New York 11530
                                       (516) 742-6546

6