UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X

RAJAGOPALA SAMPATH RAGHAVENDRA,      :
also known as Randy S.
Raghavendra,                         :

                    Plaintiff,     :     06 Civ. 6841 (PAC)(HBP)

   -against-                         :

THE TRUSTEES OF COLUMBIA             :
UNIVERSITY, <u>et</u> <u>al.</u>,
                             :

                    Defendants.    :
----------------------------------X

RAJAGOPALA SAMPATH RAGHAVENDRA,      :
Founder, Racial Equality
Struggles for Columbia University    :
Employees (Rescue) Ad Hoc
Committee, also known as Randy S.    :
Raghavendra,

                             :     08 Civ. 8120 (PAC)(HBP)

                    Plaintiff,     :

   -against-                         :

NATIONAL LABOR RELATIONS BOARD,      :
<u>et</u> <u>al.</u>,                            :

                    Defendants.    :

----------------------------------X

RAJAGOPALA SAMPATH RAGHAVENDRA,      :
also known as Randy S.
Raghavendra,                         :

                    Plaintiff,     :     09 Civ. 0019 (PAC)(HBP)

   -against-                         :

THE TRUSTEES OF COLUMBIA             :     REPORT
UNIVERSITY, <u>et</u> <u>al.</u>,                 <u>AND RECOMMENDATION</u>
                             :

                    Defendants.
----------------------------------X

PITMAN, United States Magistrate Judge:

TO THE HONORABLE PAUL A. CROTTY, United States District Judge,

I.   Introduction

By notice of motion dated August 28, 2009, (Docket Item 114 in 06 Civ. 6841, Docket Item 58 in 08 Civ. 8120, and Docket Item 34 in 09 Civ. 0019), plaintiff Rajagopala S. Raghavendra moves for leave to set aside the putative settlement reached with The Trustees of Columbia University ("Columbia") on July 30, 2009. For the reasons set forth below, I respectfully recommend that the motion should be denied, and I further recommend that the complaints in all three actions be dismissed with prejudice and without costs on the ground that the parties have reached an enforceable settlement.

II.   Facts[1]

These actions involve numerous claims arising out of plaintiff's allegations that Columbia and the other defendants have engaged in a series of discriminatory and retaliatory activities. The allegations in Docket No. 06 Civ. 6841 are set forth in detail in my Report and Recommendation dated March 10,

---

[1] I read plaintiff's motion with the leniency normally accorded a pro se plaintiff. See Haines v. Kerner, 404 U.S. 519, 520 (1972); In re Sims, 534 F.3d 117, 133 (2d Cir. 2008).

2008 which recommended that a motion to dismiss filed by Columbia and the individual defendants employed by Columbia be granted in part and denied in part.  See Raghavendra v. Trustees of Columbia Univ., 06 Civ. 6841 (PAC)(HBP), 2008 WL 2696226 (S.D.N.Y. July 7, 2008) (Crotty, J.) (adopting March 10, 2008 Report and Recommendation).  The allegations in Docket No. 08 Civ. 8120 are set forth in detail in my Report and Recommendation dated August 27, 2009 which recommended dismissal of all claims against the National Labor Relations Board, Celeste Mattina, and Laura Barbieri (Docket Item 57 in 08 Civ. 8120).

        The present dispute arises out of a putative settlement agreement between plaintiff and Columbia.  The putative agreement was the product of an out-of-court mediation session conducted on July 30, 2009.  It is undisputed that at that session, plaintiff, his counsel and counsel for Columbia signed a document entitled "Terms of Settlement between Rajagopala S. Raghavendra and the Trustees of Columbia University in the City of New York" ("Term Sheet") (Letter from Edward A. Brill to the Honorable Henry B. Pitman, dated August 19, 2009 ("Def's Opp.") at 2, Transcript of Proceedings on August 5, 2009 ("Transcript") at 15).  The parties also agree that they were in separate rooms while the material terms of the Term Sheet were negotiated (Def's Opp. at 2, Transcript at 19, 23).

The Term Sheet, the specific terms of which are confidential, provides generally for the dismissal and release of all claims against all defendants in return for the payment of a sum of money to plaintiff and exchange of certain non-monetary consideration. Although the document states that "[t]he parties will enter into a formal settlement agreement embodying the terms set forth herein," it also states that "[t]he terms set forth above are final and binding upon the parties" (Term Sheet, attached as Exhibit A to the Affidavit of Edward A. Brill, dated October 20, 2009 (Docket Item 123 in 06 Civ. 6841)).

Plaintiff contends that the putative settlement is voidable for fraud, duress, and illegality. According to plaintiff, Columbia, the mediator, and the Law Offices of Louis D. Stober, LLC ("the Stober Firm"), which represented plaintiff in the 06 Civ. 6841 action,[2] fraudulently induced and coerced him to enter into the settlement agreement.

In support of these allegations, plaintiff admits that the Stober Firm told him he would be under no obligation to accept any settlement at the mediation (Plaintiff's Memorandum of Law in Support of Motion to Reject (Set Aside) Defendants' July 30, 2009 Alleged Terms of Settlement ("Pl's Mem.") at 5-6). However plaintiff goes on to claim that the Stober Firm and the

---

[2]Plaintiff's motion to remove the Stober Firm as counsel (Docket Item 108) is currently pending.

mediator denied him access to another lawyer at the mediation,
did not let him make his own arguments and argued against his
claims (Pl's Mem. at 8-10, 17).  He further alleges that Colum-
bia, the mediator and the Stober Firm took advantage of his
desperate financial situation and that he was subjected to
"humiliation," "degradation," and "browbeating" at the mediation
(Pl's Mem. at 11-13).  Plaintiff alleges that Columbia brought up
the release of claims against non-Columbia defendants late in the
day when he was in a state of "total confusion" (Pl's Mem. at
16).  Finally, he states that the mediator and his counsel
"coerced/forced him" to sign the agreement by representing that
the terms of the agreement were only good for one day and that
otherwise he would "be faced with the direct threat of personal
bankruptcy and foreclosure" (Pl's Mem. at 14, 17).

Columbia, on the other hand, contends that when all the
parties were in the same room finalizing the Term Sheet, plain-
tiff "sat calmly" and made suggestions about its language and
contents, some of which were accepted (Def's Opp. at 2).  Accord-
ing to Columbia, plaintiff did not complain that he was being
forced into any settlement, and he did not try to leave the
conference room (Def's Opp. at 2).

I met with plaintiff and counsel in early August to try
to resolve the dispute by agreement.  I was unsuccessful in that
endeavor, and by letter dated August 14, 2009, plaintiff advised

me that he intends to persist in his challenge to the putative settlement with Columbia.  By notice of motion dated August 28, 2009, plaintiff moved to set aside the putative settlement. Columbia has requested that a letter they submitted dated August 19, 2009 be considered opposition to plaintiff's motion.  The Stober Firm filed a motion to strike plaintiff's motion on September 24, 2009 (Docket Item 117 in 06 Civ. 6841).

III. <u>Analysis</u>

<div style="margin-left:2em">

A. The Term Sheet
<u>                   </u>      <u>as a Binding Agreement</u>

</div>

Although plaintiff challenges the putative settlement only on the basis of fraud, duress, and illegality, I note as a preliminary matter that the Term Sheet does constitute an en-forceable settlement agreement.  Under New York Law[3], a settle-ment agreement "is interpreted according to general principles of contract law."  <u>Powell v. Omnicom</u>, 497 F.3d 124, 128 (2d Cir.

_____

[3]I apply New York law because the Term Sheet was negotiated and executed in New York and there are no material differences between state and federal common law in this area.  <u>See</u> <u>McNamara v. Tourneau, Inc.</u>, 464 F. Supp. 2d 232, 237 (S.D.N.Y. 2006) (Chin, J.), <u>citing</u> <u>Ciaramella v. Reader's Digest Ass'n</u>, 131 F.3d 320, 322 (2d Cir. 1997) (applying New York law to determine enforceability of agreement negotiated and executed in New York settling federal claims); <u>Rosenberg v. Inner City Broad. Corp.</u>, 99 Civ. 9579 (AKH), 2001 WL 995349 at *2 (S.D.N.Y. Aug. 30, 2001) (Hellerstein, J.) (applying New York law to determine enforceability of agreement negotiated in New York settling federal claims).

2007), <u>citing</u> <u>Omega Eng'g, Inc. v. Omega, S.A.</u>, 432 F.3d 437, 443 (2d Cir. 2005); <u>Bank of N.Y. v. Amoco Oil Co.</u>, 35 F.3d 643, 661 (2d Cir. 1994).  Thus, a settlement agreement is enforceable if there is "an offer, acceptance, consideration, mutual assent and intent to be bound." <u>Register.com, Inc. v. Verio</u>, 356 F.3d 393, 427 (2d Cir. 2004); <u>McNamara v. Tourneau, Inc.</u>, <u>supra</u>, 464 F. Supp. 2d at 237.  Furthermore, "[t]he fundamental basis of a valid, enforceable contract is a meeting of the minds of the parties, and, if there is no meeting of the minds on all essential terms, there is no contract." <u>Benicorp Ins. Co. v. Nat'l Med. Health Card Sys., Inc.</u>, 447 F. Supp. 2d 329, 337 (S.D.N.Y. 2006) (Marrero, J.), <u>citing</u> <u>Schurr v. Austin Galleries of Ill.</u>, 719 F.2d 571, 576 (2d Cir. 1983).

Under the putative agreement outlined in the Term Sheet, the parties agree, <u>inter alia</u>, that plaintiff will withdraw his claims against all defendants in exchange for monetary and non-monetary consideration.  Thus, there is consideration on both sides of the agreement.  <u>See</u> <u>United States v. Parra</u>, 302 F. Supp. 2d 226, 238 (S.D.N.Y. 2004) (Leisure, J.), <u>citing</u> <u>Personalized Media Commc'ns, L.L.C. v. StarSight Telecast, Inc.</u>, 99 Civ. 0441 (DAB), 2000 WL 1457079, at *4 (S.D.N.Y. Sept. 28, 2000) (Batts, J.) (agreement supported by consideration if "something of real value in the eye of the law was exchanged").  Furthermore, the agreement is signed by all parties and states that its

7

terms are "final and binding upon the parties," showing mutual
assent and an intent to be bound on both sides.

Although the Term Sheet expressly provides that it was not meant
to be the final expression of the settlement agreement, the
Second Circuit has recognized that a preliminary agreement is
binding "when the parties agree on all the points that require
negotiation (including whether to be bound) but agree to memori-
alize their agreement in a more formal document.  Such an agree-
ment is . . . preliminary only in form."  Adjustrite Sys., Inc.
v. GAB Bus. Servs., Inc., 145 F.3d 543, 548 (2d Cir. 1998)
(internal quotations omitted); Delyanis v. Dyna-Empire, Inc., 465
F. Supp. 2d 170, 173-74 (E.D.N.Y. 2006); see McNamara v.
Tourneau, Inc., supra, 464 F. Supp. 2d at 239 (stipulation was
fully binding where it was signed by both parties and stated that
"parties reached an agreement to settle the case on six principal
terms"); Horphag Research Ltd. v. Henkel Corp., 115 F. Supp. 2d
455, 457 (S.D.N.Y. 2000) (Mukasey, J.), citing Arcadian Phos-
phates, Inc. v. Arcadian Corp., 884 F.2d 69, 72 (2d Cir. 1989)
(parties are bound when they have "reached complete agreement on
all issues that required negotiation, but ha[ve] not yet formal-
ized their agreement").

      The agreement at issue here evidences a meeting of the
minds on all material terms.  It provides for withdrawal of
plaintiff's claims against all defendants and the exchange of

monetary and non-monetary consideration.  Moreover, the term sheet states that it is "final and binding upon the parties," establishing a mutual intent to be bound.  Thus, although the Term Sheet is a preliminary agreement, it is fully binding under New York law.

      B. Claim of Invalidity Based on
         Fraud, Duress, and Illegality

      Plaintiff argues that the putative settlement agreement should be set aside because it was procured by fraud and duress and because its terms are illegal.

      Settlement agreements "are strongly favored by courts and are not lightly cast aside." Collick v. United States, 552 F. Supp. 2d 349, 352 (E.D.N.Y. 2008), citing Willgerodt ex. rel. Majority Peoples' Fund for 21st Century, Inc. v. Hohri, 953 F. Supp. 557, 560 (S.D.N.Y. 1997) (Cedarbaum, J.).  However, because settlement agreements are governed by contract law principles, "[a] party will be relieved from the agreement [when] there is cause sufficient to invalidate the contract, such as fraud, collusion, mistake, or accident." S.E.C. v. Credit Bancorp, Ltd., 232 F. Supp. 2d 260, 265 (S.D.N.Y. 2002) (Sweet, J.), aff'd sub nom., Loewenson v. London Mkt. Cos., 351 F.3d 58 (2d Cir. 2003); see Bekhor v. Josephthal Group, Inc., 96 Civ. 4156 (LMM), 2000 WL 1521198 at *3 (S.D.N.Y. Oct. 13, 2000) (McKenna, J.), citing First Nat'l Bank v. Pepper, 454 F.2d 626, 632 (2d Cir.

1972).  As explained below, plaintiff's allegations do not amount to either fraud or duress, and do not provide any basis on which to find the provisions of the Term Sheet illegal.

### 1. Fraud

Plaintiff first contends that he was fraudulently induced into entering the purported settlement agreement (Pl's Mem. at 2-3).

> "[A] settlement contract or agreement, like any other, may be attacked on the grounds that it was procured by fraud, duress or other [un]lawful means." First Nat'l Bank v. Pepper, 454 F.2d 626, 632 (2d Cir. 1972).  "To state a cause of action for fraud, a [party] must allege a representation of material fact, the falsity of the representation, knowledge by the party making the representation that it was false when made, justifiable reliance by the [party] and resulting injury." Lerner v. Fleet Bank, N.A., 459 F.3d 273, 290 (2d Cir. 2006).  When a settlement agreement or release is sought to be voided on the basis of fraud, "a party must allege every material element of fraud with specific and detailed evidence in the record sufficient to establish a prima facie case." Wright v. Eastman Kodak Co., 445 F. Supp. 2d 314, 318 (W.D.N.Y. 2006) (quoting Touloumis v. Chalem, 156 A.D.2d 230, 232-233 (1st Dept. 1989)).

Dunkin' Donuts Inc. v. Got-A-Lot-A-Dough, Inc., 04-CV-4100 (DRH)(MLO), 2006 WL 3725340 at *4 (E.D.N.Y. Dec. 18, 2006).

Plaintiff alleges that he was fraudulently induced to attend the mediation because, after he told his lawyers that he did not want them to represent him at "final" settlement negotiations, they assured him that he would be under no obligation to accept any settlement at the mediation (Pl's Mem. at 6).  He also

alleges that he was fraudulently induced to sign the agreement because the mediator, along with his lawyers, "misrepresent[ed]" to him that the terms of settlement were good for only one day (Pl's Mem. at 17). Plaintiff does not state why either of these statements were false or allege any facts suggesting that the statements are false. In the absence of an explanation as to how the statements in question were false or facts to support an inference that they were false, plaintiff has not alleged the falsity of the statements in question with the specificity and detail necessary to establish a prima facie case for fraud. See Wright v. Eastman Kodak Co., supra, 445 F. Supp. 2d at 318 (release was not void based on fraud where plaintiff failed to allege any false representation); Nicholas v. Nynex, Inc., 929 F. Supp. 727, 732 (S.D.N.Y. 1996) (Conner, J.) ("conclusory asser-tions of fraudulent concealment" did not render release void-able). Therefore, the settlement agreement should not be set aside based on fraud.

2. Duress

Plaintiff next contends that he signed the agreement under duress because his lawyers and the mediator took advantage of his poor economic situation and because he was the victim of "humiliation," "degradation," and "browbeating" during the mediation (Pl's Mem. at 11-13).

11

A party "claiming that he was induced to enter a contract as a result of duress must show: (1) a threat, (2) unlawfully made, (3) which caused involuntary acceptance of contractual terms, (4) because the circumstances permitted no alternative." Mathias v. Jacobs, 167 F. Supp. 2d 606, 614 (S.D.N.Y. 2001) (Marrero, J.), citing Indus. Recycling Sys., Inc. v. Ahneman Assocs., 892 F. Supp. 547, 549 (S.D.N.Y. 1995) (Parker, J.); Bekhor v. Josephthal Group, Inc., supra, 2000 WL 1521198 at * 3, citing Kamerman v. Steinberg, 891 F.2d 424, 431 (2d Cir. 1989); Raiola v. Union Bank of Switzerland, LLC, 47 F. Supp. 2d 499, 503 (S.D.N.Y. 1999) (Scheindlin, J.); see Legal Aid Soc'y v. City of New York, 114 F. Supp. 2d 204, 225 (S.D.N.Y. 2000) (Stein, J.), citing Austin Instrument, Inc. v. Loral Corp., 29 N.Y.2d 124, 130, 272 N.E.2d 533, 535, 324 N.Y.S.2d 22, 25 (1971) ("[a] contract is voidable on the ground of duress when it is established that the party making the claim was forced to agree to it by means of a wrongful threat precluding the exercise of his free will."). A claim of duress is evaluated under an objective standard. Mathias v. Jacobs, supra, 167 F. Supp. 2d at 614, citing Eisenstein v. Kelly Music & Entm't Corp., 97 Civ. 4649 (DC), 1998 WL 289734, at *4 (S.D.N.Y. June 4, 1998) (Chin, J.); Bekhor v. Josephthal Group, Inc., supra, 2000 WL 1521198 at *3.

Plaintiff contends that Columbia conspired with the Stober Firm to "exert[] threats of irreparable harm, including bankruptcy, foreclosure, and or homelessness" (Pl's Mem. at 3-4). The only specific statements he identifies in this regard are statements by the mediator and the Stober Firm that the court would not grant plaintiff's motion for preliminary injunctive relief requiring plaintiff's immediate reinstatement and that if plaintiff rejected the settlement, he would be faced with the threat of bankruptcy, foreclosure and homelessness (Pl's Mem. at 14, 17). These statements do not constitute unlawful threats. First, plaintiff has repeatedly injected his precarious financial status into this matter, and has even gone so far as to assert that the possibility of insolvency, bankruptcy and foreclosure constitutes irreparable harm sufficient to justify the issuance of a mandatory preliminary injunction that would require Columbia to reinstate him (Letter from Rajagopala S. Raghavendra to the Honorable Paul A. Crotty and the Honorable Henry B. Pitman, dated Aug. 3, 2009, annexed to Endorsement dated Aug. 4, 2005 (Docket Item 53 in 08 Civ. 8120); Plaintiff's Affidavit in Support of Order to Show Cause for Preliminary Injunction, sworn to December 24, 2008, ¶¶ 271-73). References by the mediator, Columbia or plaintiff's counsel to the financial risks inherent in continued litigation -- risks that plaintiff himself had previously as-

13

serted -- can hardly be considered a threat.[4]  <u>Nasik Breeding &</u>
<u>Research Farm Ltd. v. Merck & Co., Inc.</u>, 165 F. Supp. 2d 514, 527
(S.D.N.Y. 2001) (Schwartz, J.) (allegation that plaintiff's
"difficult financial circumstances necessitated" its signing of a
contract did not constitute duress); <u>see</u> <u>Mazurkiewicz v. New York</u>
<u>City Health & Hosp. Corp.</u>, 585 F. Supp. 2d 491, 500 (S.D.N.Y.
2008) (McMahon, J.) (pressure from non-party credit card compa-
nies does not constitute a wrongful threat); <u>Nicholas v. Nynex,</u>
<u>Inc.</u>, <u>supra</u>, 929 F. Supp. at 732-33 (anticipated unemployment and
difficulty making mortgage payments does not constitute duress).
Moreover, "[a]n allusion to the consequences of an act which the
defendant had the right to take[, such as rejecting the settle-
ment,] does not constitute duress."  <u>Borouchov v. Strobel</u>, 95
Civ. 0611 (JSM), 1995 WL 510013 at *3 (S.D.N.Y. Aug. 28, 1995)
(Martin, J.); <u>see</u> <u>Davis & Assocs., Inc. v. Health Mgmt. Servs.,</u>
<u>Inc.</u>, 168 F. Supp. 2d 109, 114-15 (S.D.N.Y. 2001) (Lynch, J.);
<u>Teachers Ins. & Annuity Ass'n of Am. v. Wometco Enters. Inc.</u>, 833
F. Supp. 344, 348 (S.D.N.Y. 1993) (Sprizzo, J.).

        To the extent plaintiff's duress claim is based on
alleged statements of the Stober Firm and the mediator, those
statements are nothing more than comments on the strength of

---

    [4]As the Honorable Stuart M. Bernstein, United States Bank-
ruptcy Judge, has accurately observed, "The outcome of any
litigation is inherently risky.  Every trial lawyer has won cases
he should have lost, and lost cases he should have won."  <u>In re</u>
<u>AlphaStar Ins. Group, Ltd.</u>, 383 B.R. 231, 262 (S.D.N.Y. 2008).

plaintiff's case and the consequences of failure to settle and do
not amount to duress.  See Maloney v. Bouchard Transp. Co., Inc.,
89 Civ. 6254 (JFK), 1991 WL 33299 at *3 (S.D.N.Y. Mar. 7, 1991)
(Keenan, J.) (no duress where "the alleged coercion by plain-
tiffs' attorneys constituted the attorneys' advice concerning the
strength of the case").

　　　　Furthermore, plaintiff has not alleged that he had no
alternative to entering into the settlement agreement.  He
alleges that he was "denied" the opportunity to consult another
lawyer (Pl's Mem. at 17), and that he was "brow-beaten" and
"shouted down" at the mediation (Pl's Mem. at 8-9).  However,
dissatisfaction or disagreement with counsel during settlement
negotiations does not constitute duress.  Jordan v. Verizon
Corp., 02-CV-10144 (GBD), 2007 WL 4591924 at *11-*12 (S.D.N.Y.
Dec. 27, 2007) (Daniels, J.) (adopting Report and Recommendation
of Ellis, M.J.) (no duress where counsel's motion to withdraw was
pending during a portion of settlement negotiations); McIntosh v.
Consol. Edison Co. of N.Y., Inc., 96 Civ. 3624 (HB), 1999 WL
151102 at *2 (S.D.N.Y. Mar. 19, 1999) (Baer, J.), aff'd, 216 F.3d
1072 (2d Cir. 2000) (no duress where court denied plaintiff's
request to discharge his counsel before signing settlement
agreement).

　　　　Moreover, plaintiff does not allege that he was in any
way prevented from leaving the negotiation and continuing to

15

litigate the case.  Absent an allegation that a party has no other alternative than to enter into an agreement, there is no claim for duress.  Shain v. Ctr. for Jewish History, Inc., 04 Civ. 1762 (NRB), 2006 WL 3549318 at *4 (S.D.N.Y. Dec. 7, 2006) (Buchwald, J.) ("[i]n order to prevail on a claim of duress, plaintiff must show, inter alia, that he had available no legal remedies to avoid the duress."); see Bekhor v. Josephthal Group, Inc., supra, 2000 WL 1521198 at *3-*4 (finding that despite a "very hostile atmosphere during the negotiations," there was no duress where plaintiff "always had the alternative of refusing to settle . . . and pursuing his legal claims"); Batac Dev. Corp. v. B & R Consultants, Inc., 98 Civ. 721 (CSH), 1999 WL 76873, at *4-*5 (S.D.N.Y. Feb. 16, 1999) (Haight, J.) (no claim for duress where although plaintiff "felt intimidated and 'ganged up' on he admittedly could have left the office. [Plaintiff] could have simply walked out of the meeting . . . the fact remains that an obvious alternative to waiving his right to payment was available to him"); Reid v. IBM Corp., 95 Civ. 1755 (MBM), 1997 WL 357969 at *7 (S.D.N.Y. June 26, 1997) (Mukasey, J.) (no duress where "[p]laintiff could have rejected the Release and pursued his legal remedies").

Finally, the terms of the putative settlement demon-strate that it was the product of an arms-length negotiation, and not duress.  When viewed in connection with plaintiff's salary

and the strength of his claims to date, the terms of the settlement are extremely reasonable and cannot be characterized as one-sided.  The non-trivial consideration flowing to plaintiff is additional circumstantial proof that plaintiff settled because it was in his best interest and not because of duress.  See Internet Mgmt. Info. Sys., Inc. v. Hanes Morgan & Co., Inc., 98 Civ. 6758 (DLC), 2000 WL 193127 at *4 (S.D.N.Y. Feb. 16, 2000) (Cote, J.) (where defendant was "able, through persistent negotiating, to resolve [the] litigation for a fraction of the damages pleaded in the complaint and for less than half of the amount originally demanded in settlement," settlement was based on "evaluation of the risks of continuing the litigation and their likelihood of success," not duress);  Interactive Edge, Inc. v. Martise, 07 Civ. 3354 (RO), 1998 WL 35131 at *3 (S.D.N.Y. Jan. 30, 1998) (Owen, J.) (no duress where agreement was the product of extensive negotiation and involved "concessions and compromises from both parties").

Therefore, because plaintiff's allegations, even if true, would not amount to unlawful threats or conditions under which plaintiff had no alternative but to sign the settlement agreement, and because the terms of the settlement are not one-sided and provide reasonable benefit to both sides, plaintiff has not shown that the settlement agreement was the product of duress.

17

3. Illegality

Plaintiff also argues that the putative agreement should be set aside because its terms are "inherently illegal" (Pl's Mem. at 15). Specifically, plaintiff contends the agreement is illegal because the Stober Firm will deduct attorney's fees from the settlement amount and because the agreement releases claims against defendants other than Columbia.

Although illegal contracts are unenforceable under New York law, Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J., Inc., 448 F.3d 573, 580 (2d Cir. 2006), citing 64th Assocs., L.L.C. v. Manhattan Eye, Ear & Throat Hosp., 2 N.Y.3d 585, 589-90, 813 N.E.2d 887, 889, 780 N.Y.S.2d 746, 748 (2004), plaintiff provides no basis on which to find the terms of the putative agreement illegal. The Term Sheet makes no mention of attorney's fees. Thus, even if I assume there is some deficiency in plaintiff's retainer agreement with his counsel, it does not infect the settlement agreement. As for the release of claims against non-Columbia defendants, release of a person who is not party to a settlement agreement is not illegal. It is, literally, hornbook law that one consideration will support multiple promises. John P. Calamari, Joseph M. Perillo, Contracts, § 4-15 (6th ed. 2009). Moreover, such provisions in settlement agreements are enforceable where, as here, they are unambiguous. See Suarez v. Ward, 896 F.2d 28, 30-31 (2d Cir.

18

1990) (an unambiguous settlement agreement will be construed according to its terms); Duran v. J.C. Refinishing Contracting Corp., 07 Civ. 11584 (CM), 2009 WL 3151223 at *1-*2 (S.D.N.Y. Sept. 30, 2009) (McMahon, J.) (denying pro se plaintiff's motion to set aside a settlement that released claims against certain non-parties to the litigation); Italia Di Navagazione, S.P.A v. M.V. Hermes I, 585 F. Supp. 1337, 1338-39 (S.D.N.Y. 1984) (Sweet, J.) (upholding, in commercial setting, unambiguous release of party that did not negotiate or contribute to the settlement); see also In re Interpublic Sec. Litig., 02 Civ. 6527 (DLC), 2004 WL 2397190 at *5 (S.D.N.Y. Oct. 26, 2004) (Cote, J.) (approving settlement releasing party who did not contribute to settlement amount).

Therefore, because plaintiff has not identified any provision of the term sheet that is illegal, the putative agreement will not be set aside on the ground of illegality.

IV.  Conclusion

Accordingly, for all the foregoing reasons, I respectfully recommend that plaintiff's motion to set aside the putative settlement (Docket Item 114 in 06 Civ. 6841, Docket Item 58 in 08 Civ. 8120, and Docket Item 34 in 09 Civ. 0019) should be denied.  I further recommend that all three cases be dismissed with prejudice and without costs on the ground that they are

19

settled and that the Clerk of the Court be directed to close all pending motions in all three cases as moot.

V.    OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of this Report and Recommendation to file written objections.  See also Fed.R.Civ.P. 6(a) and 6(d). Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Crotty, United States District Judge, 500 Pearl Street, Room 735, New York, New York 10007, and to the chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007.  Any requests for an extension of time for filing objections must be directed to Judge Crotty.  FAILURE TO OBJECT WITHIN TEN (10) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.  Thomas v. Arn, 474 U.S. 140, 155 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59

(2d Cir. 1988); <u>McCarthy v. Manson</u>, 714 F.2d 234, 237-38 (2d Cir.

1983).

Dated:   New York, New York
         November 19, 2009

                                   SO ORDERED


                                   _____
                                   HENRY PITMAN
                                   United States Magistrate Judge


Copies transmitted to:

Louis D. Stober, Esq.
Suite 205
350 Old Country Road
Garden City, New York   11530

Mr. Rajagopala Sampath Raghavendra
P.O. Box 7066
Hicksville, New York   11802-7066

Edward A. Brill, Esq.
Proskauer Rose LLP
1585 Broadway
New York, New York   10036

Charles B. Updike, Esq.
Schoeman, Updike & Kaufman LLP
39th Floor
60 East 42nd Street
New York, New York   10165

Tara M. LaMorte, Esq.
Assistant United States Attorney
Southern District of New York
86 Chambers Street
New York, New York   10007