GORDON & REES, LLP
Mercedes Colwin
90 Broad Street
23rd Floor
New York, NY 10004
(212) 269-5500
Attorney for The Law Offices of Louis D. Stober, L.L.C.
and Louis D. Stober

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
RAJAGOPALA SAMPATH RAGHAVENDRA, a/k/a,
RANDY S. RAGHAVENDRA

                Plaintiff,

  -against-                           06 CV 6841 (PAC) (HBP)

THE TRUSTEES OF COLUMBIA UNIVERSITY, LEE C.    DECLARATION OF
BOLLINGER, individually and as President of Columbia    MERCEDES COLWIN
University, ROBERT KASDIN, individually and as Senior    IN RESPONSE TO
Executive Vice President of Columbia University, and    MOTION TO STAY
WILLIAM R. SCOTT, individually and as Deputy Vice
President of Columbia University.

                Defendants.
-------------------------------------------------------------------X

       MERCEDES COLWIN declares, under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true and correct:

       1.    I am an attorney duly and admitted to practice in this Court and associated with Gordon & Rees, LLP, attorneys for The Law Offices of Louis D. Stober, L.L.C. and Louis D. Stober (the "Stober Parties"). I am fully familiar with the facts set forth herein. I submit this declaration in response to Plaintiffs' Motion to Stay.

2. The Stober Parties do not oppose this motion to the extent is seeks an order from the Court declaring that neither The Law Offices of Louis D. Stober, L.L.C. nor Louis D. Stober represent Plaintiff in this matter.

3. The Stober Parties oppose this motion to the extent that Plaintiff seeks a stay to allow Plaintiff to pursue claims related to the fee dispute, or anything related thereto, in a New York State Court. This Court still holds jurisdiction over the fee dispute, and any attempt to circumvent this Court's jurisdiction of the fee dispute in a New York State Court is improper. In the Court's Order of February 19, 2010, it held as follows:

> The Court will exercise supplemental jurisdiction over the Fee Dispute. This matter has proceeded for so long, with so many different variations, that it would be fundamentally unfair to extend it further by not closing it finally, once and for all. Since the different lawsuits were initiated by Raghavendra, it would be unconscionable to allow him a new and separate forum to vent again in a now familiar manner. Accordingly, the Court will retain supplemental jurisdiction and will decide the Fee Dispute.

Docket no. 149. p. 6.

4. Furthermore, in that same order, the Court struck the Plaintiff's numerous derogatory ad hominim remarks about the Stober Parties and further ordered Plaintiff to "cease filing papers containing immaterial and inappropriate statements and ad hominem remarks about Stober." *Id.* The Stober Parties respectfully suggest that Plaintiff has violated such order with his most recent filing that includes many of the identical remarks that the Court previously struck. The Stober Parties ask that the Court enforce its previous order and strike Plaintiffs' most recent filing as well.

Dated: December 12, 2011
 New York, New York

_____
Mercedes Colwin

//11297694v.1

3