```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

RAJAGOPALA SAMPATH RAGHAVENDRA,     :
also known as, "Randy S.
Raghavendra,"                       :

                 Plaintiff,         :    06 Civ. 6841 (PAC)(HBP)

     -against-                      :

THE TRUSTEES OF COLUMBIA            :
UNIVERSITY, et al.,
                                    :
                 Defendants.
-----------------------------------X

RAJAGOPALA SAMPATH RAGHAVENDRA,     :
also known as, "Randy S.
Raghavendra,"                       :

                 Plaintiff,         :    08 Civ. 8120 (PAC)(HBP)

     -against-                      :

NATIONAL RELATIONS LABOR            :
BOARD, et al.,
                                    :
                 Defendants.
-----------------------------------X

RAJAGOPALA SAMPATH RAGHAVENDRA,     :
also known as, "Randy S.
Raghavendra,"                       :

                 Plaintiff,         :    09 Civ. 0019 (PAC)(HBP)

     -against-                      :    OPINION
                                         AND ORDER
THE TRUSTEES OF COLUMBIA            :
UNIVERSITY, et al.,
                                    :
                 Defendants.
-----------------------------------X
```

PITMAN, United States Magistrate Judge:

I.   Introduction

By motions dated February 24, 2012 and April 23, 2012, plaintiff moves for the recusal of the Honorable Paul A. Crotty, United States District Judge, in the following related actions: 06 Civ. 6841 (Docket Item 167); 08 Civ. 8120 (Docket Item 87) and 09 Civ. 0019 (Docket Item 63).  Plaintiff makes these motions pursuant to (1) 28 U.S.C. § 455(a), 455(b)(1); (2) 28 U.S.C. § 144 and (3) 22 N.Y. Comp. Codes R. & Regs. § 100.3(D)(2), (E)(1)(b).

In support of his motions, plaintiff has submitted (1) an affirmation (Docket Item 167 in 06 Civ. 6841); (2) a memorandum of law (Docket Item 168 in 06 Civ. 6841) and (3) a reply affirmation (Docket Item 171 in 06 Civ. 6841).[1]

---

[1]Plaintiff's recusal motions in the above-referenced actions are identical, and, thus, I cite only to his submissions in the 06 Civ. 6841 action in this Opinion and Order.  I also note that plaintiff's reply addresses a separate motion that he filed in the 06 Civ. 6841 action.  In this Opinion and Order, however, I consider only the portion of plaintiff's reply that pertains to the recusal motions.

By letter dated March 5, 2012, the Columbia Defendants[2] move to strike plaintiff's recusal motions from the record.[3] Specifically, the Columbia Defendants contend that it is possible to deduce the amount of the settlement in this matter from plaintiff's motion papers, which is in violation of the settlement agreement.  The Stober Defendants[4] also move to strike plaintiff's recusal motions from the record[5] (Docket Item 169 in 06 Civ. 6841).  Specifically, the Stober Defendants contend that plaintiff has violated Judge Crotty's February 19, 2010 Order (Docket Item 149 in 06 Civ. 6841), which directed him to cease filing papers containing ad hominem attacks against them.

---

[2]The Columbia Defendants include:  The Trustees of Columbia University; Lee C. Bollinger; Robert Kasdin; William R. Scott; Joseph A. Ienuso; Karen A. Fry and Susan Rieger.

[3]The Columbia Defendants' letter is dated March 5, 2012 and addresses only the 06 Civ. 6841 action.  However, because plaintiff's recusal motions in the above-referenced actions are identical, I consider the Columbia Defendants' motion to strike as applicable to each recusal motion.

[4]The Stober Defendants include Louis D. Stober, Jr. and the Law Offices of Louis D. Stober, Jr., LLC.

[5]The Stober Defendants' opposition likewise only addresses the 06 Civ. 6841 action because it was filed prior to plaintiff's recusal motions in the 08 Civ. 8120 and 09 Civ. 0019 actions. However, again, because plaintiff's recusal motions are identical, I consider the Stober Defendants' motion to strike as applicable to each recusal motion.

For the reasons set forth below, (1) each of plaintiff's recusal motions are denied and (2) the defendants' respective motions to strike are denied.

II.  Facts

The facts underlying the above-referenced actions have been set forth at length in many decisions of this Court, and, thus, I do not recite them again here.[6]  Judge Crotty succinctly summarized the underlying facts in Raghavendra v. Trustees of Columbia Univ., 686 F. Supp. 2d 332, 334-35 (S.D.N.Y. 2010), aff'd in part, rev'd in part on other grounds, 434 F. App'x 31 (2d Cir. 2011):

> [P]laintiff Rajagopala S. Raghavendra ("Raghavendra") alleges that the Trustees of Columbia University in the City of New York ("Columbia") violated his civil rights and retaliated against him when he complained about it.  The alleged conduct commenced in 2001, leading up to his claimed wrongful termination in 2005.  Litigation commenced in 2006 and has dragged on since then, resulting on occasion in other lawsuits initiated by Raghavendra against different defendants on various theories of liability.
>
> On July 30, 2009, at the conclusion of an all day mediation session which involved Raghavendra, his

---

[6]For example, the facts underlying these actions are set forth in greater detail in Raghavendra v. Trustees of Columbia Univ., 06 Civ 6841 (PAC)(HBP), 2008 WL 2696226 (S.D.N.Y. July 7, 2008) (Crotty, D.J.) and Raghavendra v. N.L.R.B., 08 Civ. 8120 (PAC)(HBP), 2009 WL 5908013 (S.D.N.Y. Aug. 27, 2009) (Pitman, M.J.) (Report and Recommendation).

attorney, and Columbia, plus their counsel, as well as
a mediator, Raghavendra signed a document entitled,
"Terms of Settlement between Rajagopala S. Raghavendra
("Raghavendra") and the Trustees of Columbia University
in the City of New York ("Columbia")" (the "Settlement
Agreement").  The Settlement Agreement provides for the
withdrawal of all of Raghavendra's claims, in return
for the payment of a very substantial dollar settlement
award, and it also addresses how employment references
will be handled in the future.  The Settlement Agree-
ment states:  "The terms set forth above are final and
binding upon the parties."  Almost immediately after
signing the Settlement Agreement, Raghavendra filed a
flurry of motions seeking to disavow the Settlement
Agreement and objecting to any payment of legal fees
[to the Stober Defendants].

Plaintiff's application to set aside the settlement
agreement and his objection to the Stober Defendants' motion for
legal fees were unsuccessful.  Judge Crotty determined that the
settlement agreement entered into by plaintiff and the Columbia
Defendants was valid and enforceable, and, further, that the
Stober Defendants were entitled to recover their full contingency
fee as provided for under the retainer agreement, i.e., one-third
of the settlement proceeds.  Raghavendra v. Trustees of Columbia
Univ., supra, 686 F. Supp. 2d at 335-38.

The Court of Appeals for the Second Circuit affirmed
Judge Crotty's determination that the settlement agreement was
valid and enforceable, although it reversed his determination
concerning the amount of legal fees recoverable by the Stober
Defendants and remanded the matter for further factual findings

on that specific issue.  Raghavendra v. Trustees of Columbia
Univ., supra, 434 F. App'x at 31-32.  On July 11, 2012, I issued
a Report and Recommendation, of which the disposition is still
pending, addressing the specific amount of fees to be awarded to
the Stober Defendants.

III. Analysis

    A.    Standards Applicable
        to a Recusal Motion

     The Honorable Kiya A. Matsumoto, United States District
Judge, succinctly set forth the standards applicable to a recusal
pursuant to Sections 144, 455(a) and 455(b)(1) in Clemmons v.
Comm'r of Soc. Sec., No. 11-cv-1645 (KAM), 2011 WL 6130926 at *3-
*4 (E.D.N.Y. Dec. 8, 2011).  With respect to Section 144, Judge
Matsumoto explained:

> [Section 144] provides:
>
>> Whenever a party to any proceeding in a district
>> court makes and files a timely and sufficient
>> affidavit that the judge before whom the matter is
>> pending has a personal bias or prejudice either
>> against him or in favor of any adverse party, such
>> judge shall proceed no further therein, but an-
>> other judge shall be assigned to hear such pro-
>> ceeding.  The affidavit shall state the facts and
>> the reasons for the belief that bias or prejudice
>> exists, and shall be filed not less than ten days
>> before the beginning of the term at which the
>> proceeding is to be heard, or good cause shall be
>> shown for failure to file it within such time.  A

party may file only one such affidavit in any
case.  It shall be accompanied by a certificate of
counsel of record stating that it is made in good
faith.

"The Second Circuit has articulated a standard for
legal sufficiency under Section 144:  'an affidavit
must show the objectionable inclination or disposition
of the judge; it must give fair support to the charge
of a bent of mind that may prevent or impede impartial-
ity of judgment.'"  Williams v. New York City Housing
Auth., 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003) (quot-
ing Rosen v. Sugarman, 357 F.2d 794, 798 (2d Cir.
1966)) (internal quotation marks omitted).

Notably, "[t]hough the language of Section 144
appears to indicate otherwise, submitting an affidavit
to the Court under this provision does not yield auto-
matic recusal of the judge on the matter."  Id. at 248
(citing 13A Charles Alan Wright & Arthur R. Miller,
Federal Practice and Procedure § 3551 (2003)).  "The
mere filing of an affidavit of bias, pursuant to 28
U.S.C. § 144 . . . 'does not require a judge to recuse
[herself or] himself.'"  In re Holocaust Victim Assets
Litig., Nos. 09-cv-3215, 96-cv-4849, 2010 WL 4038794,
at *3 (E.D.N.Y. Oct. 1, 2010) (quoting Nat'l Auto
Brokers Corp. v. Gen. Motors Corp., 572 F.2d 953, 958
(2d Cir. 1978)).  Rather, "the judge must review the
facts included in the affidavit for their legal suffi-
ciency and not recuse himself or herself unnecessar-
ily."  Williams, 287 F. Supp. 2d at 249 (citing Rosen,
357 F.2d at 797); see In re Drexel Burnham Lambert
Inc., 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is
as much obliged not to recuse himself [or herself] when
it is not called for as he [or she] is obliged to when
it is.") (citation omitted).

Clemmons v. Comm'r of Soc. Sec., supra, 2011 WL 6130926 at *3;

see also Thorpe v. Zimmer, Inc., 590 F. Supp. 2d 492, 498

(S.D.N.Y. 2008) (McMahon, D.J.); Hoffenberg v. United States,

333 F. Supp. 2d 166, 171-72 (S.D.N.Y. 2004) (Sweet, D.J.).

7

With respect to Sections 455(a) and 455(b)(1), Judge Matsumoto explained:

> First, pursuant to Section 455(a), a judge must dis-
> qualify [himself] "in any proceeding in which h[is]
> impartiality might reasonably be questioned."  28
> U.S.C. § 455(a).  The Second Circuit has noted that
> this subsection "governs circumstances that constitute
> an appearance of partiality, even though actual par-
> tiality has not been shown."  Chase Manhattan Bank v.
> Affiliated FM Ins. Co., 343 F.3d 120, 127 (2d Cir.
> 2003).  "Deciding whether there is an appearance of
> bias is 'not mechanical,' however, because 'disqualifi-
> cation for lack of impartiality must have a reasonable
> basis.'"  Hoffenberg v. United States, 333 F. Supp. 2d
> 166, 171 (S.D.N.Y. 2004) (quoting In re Aguinda, 241
> F.3d 194, 201 (2d Cir. 2001)).  Consequently,

>> Section 455(a) requires a showing that would cause
>> an objective, disinterested observer fully in-
>> formed of the underlying facts [to] entertain
>> significant doubt that justice would be done ab-
>> sent recusal.  Where a case . . . involves remote,
>> contingent, indirect or speculative interests,
>> disqualification is not required.  Moreover, where
>> the standards governing disqualification have not
>> been met, disqualification is not optional;
>> rather, it is prohibited.

> Aguinda, 241 F.3d at 201 (internal quotation marks and
> citations omitted).

> "While Subsection 455(a) addresses the appearance
> of impropriety, Subsection 455(b) 'addresses the prob-
> lem of actual bias by mandating recusal in certain
> specific circumstances where partiality is presumed.'"
> Hoffenberg, 333 F. Supp. 2d at 172 (quoting United
> States v. Bayless, 201 F.3d 116, 126 (2d Cir. 2000)).
> Section 455(b)(1) provides that a judge who has "a
> personal bias or prejudice concerning a party, or
> personal knowledge of disputed evidentiary facts con-
> cerning the proceeding" shall disqualify [himself].  28
> U.S.C. § 455(b)(1).

Clemmons v. Comm'r of Soc. Sec., supra, 2011 WL 6130926 at *3-*4;
see also Da Silva Moore v. Publicis Groupe & MSL Grp., 11 Civ.
1279 (ALC)(AJP), 2012 WL 2218729 at *8-*10 (S.D.N.Y. June 15,
2012) (Peck, M.J.); Thorpe v. Zimmer, Inc., supra, 590 F. Supp.
2d at 494, 497-98; Hoffenberg v. United States, supra, 333 F.
Supp. 2d at 171-73.

          "'[C]ourts considering the substantive standards of §§
144 and 455(b)(1) have concluded that they are to be construed in
pari materia.'"  Clemmons v. Comm'r of Soc. Sec., supra, 2011 WL
6130926 at *4, quoting Apple v. Jewish Hosp. & Med. Ctr., 829
F.2d 326, 333 (2d Cir. 1987); see also Thorpe v. Zimmer, Inc.,
supra, 590 F. Supp. 2d at 494, 498; Hoffenberg v. United States,
supra, 333 F. Supp. 2d at 172; United States v. Ahmed, 788 F.
Supp. 196, 204 (S.D.N.Y. 1992) (Edelstein, D.J.).  Thus, "where
the court finds that a plaintiff fails to present a basis for
recusal under Section 455, plaintiff's motion for relief under
Section 144 must also fail."  Clemmons v. Comm'r of Soc. Sec.,
supra, 2011 WL 6130926 at *4, citing Longi v. Cnty. of Suffolk,
No. CV 02-5821 (SJF)(WDW), 2006 WL 3403269 at *1 (E.D.N.Y. Nov.
22, 2006).

          In contrast, Section 455(a) "is broader than §§ 144 and
455(b)(1) in that it does not contain the term 'personal' and
therefore, [as opposed to Sections 144 and 455(b)(1),] it is not

an absolute requirement that the disqualifying bias spring from an extrajudicial source.'"  United States v. Ahmed, supra, 788 F. Supp. at 202 n.6, quoting United States v. Johnpoll, 748 F. Supp. 86, 89 (S.D.N.Y. 1990) (Carter, D.J.); see also Apple v. Jewish Hosp. & Med. Ctr., supra, 829 F.2d at 333.  "Nevertheless, while [S]ection 455(a) does not require an extrajudicial source for the alleged bias, whether the recusal basis stems from an extrajudicial source is a relevant consideration."  United States v. Ahmed, supra, 788 F. Supp. at 202 n.6, citing United States v. Coven, 662 F.2d 162, 168 (2d Cir. 1981).

Finally, plaintiff also asserts Sections 100.3(D)(2) and 100.3(E)(1)(b) of the New York Rules of Judicial Conduct as grounds for the recusal of Judge Crotty.[7]  Specifically, Section 100.3(D)(2) provides that "[a] judge who receives information indicating a substantial likelihood that a lawyer has committed a substantial violation of the Code of Professional Responsibility shall take appropriate action."  22 N.Y. Comp. Codes R. & Regs. § 100.3(D)(2).  Section 100.3(E)(1)(b) provides that "[a] judge shall disqualify himself . . . in a proceeding in which the judge's impartiality might be reasonably questioned, including

---

[7]These sections apply to "[a]ll judges in the [New York State] unified court system."  22 N.Y. Comp. Codes R. & Regs. § 100.6(A).

. . . where . . . . the judge knows that: . . . . (iii) [he] has

been a material witness concerning it [i.e., the matter in

controversy]."  22 N.Y. Comp. Codes R. & Regs. § 100.3(E)(1)(b).

With respect to this section, it is the case that "Section

455(a)'s recusal standard is virtually identical to the rule

espoused in Canon 3(E)(1)."  United States v. Ahmed, supra, 788

F. Supp. at 201, citing United States v. Helmsley, 760 F. Supp.

338, 341 (S.D.N.Y. 1991) (Walker, D.J.).


      B.    Procedural Requirements
          Applicable to a Recusal Motion


      A recusal motion pursuant to Sections 144, 455(a) and

455(b)(1) must satisfy certain procedural requirements.  Judge

Matsumoto has also succinctly set forth these requirements in

Clemmons v. Comm'r of Soc. Sec., supra, 2011 WL 6130926 at *4-*6.

      With respect to the timeliness of a recusal motion,

Judge Matsumoto explained:

> "[B]oth Section 144 and all subsections of Section
> 455 are construed to require a timely application,
> which our Circuit reads as a 'threshold' issue — i.e.,
> one to be evaluated before matters of substance are
> reached." Hoffenberg, 333 F. Supp. 2d at 173 (internal
> quotation marks and citation omitted); see also Lamborn
> v. Dittmer, 726 F. Supp. 510, 514 (S.D.N.Y. 1989)
> (noting affidavits filed under Section 144 are
> "strictly scrutinized" for timeliness and form, and a
> court must determine whether these procedural require-
> ments have been met before reaching the merits of the
> recusal motion); see United States v. Nelson,

CR-94-823, 2010 WL 2629742, at *2 (E.D.N.Y. June 28, 2010) ("[A] judge who is presented with a [Section 144] motion for recusal . . . must first determine whether the procedural requirements have been met . . . . ").

*     *     *

An affidavit in support of a recusal motion is timely filed when it is "made at the earliest possible moment after obtaining facts demonstrating a basis for recusal." Lamborn, 726 F. Supp. at 514. "Recusal motions are often denied on the basis of untimeliness when there has been only a short delay." Id. at 515. See, e.g., United States v. Durrani, 835 F.2d 410 (2d Cir. 1987) (affirming district court's rejection of recusal motion as untimely because motion was filed four months after events of which movant complained); Universal City Studios, Inc. v. Reimerdes, 104 F. Supp. 2d 334, 350 (S.D.N.Y. 2000) (recusal motion brought after four-month delay deemed untimely).

Notably, however, "the actual time elapsed between the events giving rise to the charge of bias or prejudice and the making of the motion is not necessarily dispositive." Apple, 829 F.2d at 333-34. In addition to lapse of time, the court considers the following four factors in assessing the timeliness of a motion: (1) "whether the movant has participated in a substantial manner in trial or pre-trial proceedings," (2) "whether granting the motion would represent a waste of judicial resources," (3) "whether the motion was made after the entry of judgment," and (4) "whether the movant can demonstrate good cause for delay." Lamborn, 726 F. Supp. at 514-15 (citing Apple, 829 F.2d at 333); see, e.g., Apple, 829 F.2d at 334 (motion filed one month after entry of judgment and two months after events giving rise to the charge of bias or prejudice presumptively untimely); Katzman, 939 F. Supp. 274, 277 (S.D.N.Y. 1996) (two-month delay deemed untimely because movant "knew the facts on which the motion to disqualify is based, yet failed to file the motion

while the court continued to hear and decide matters in the case").[8]

Clemmons v. Comm'r of Soc. Sec., supra, 2011 WL 6130926 at *4-*5; see also Da Silva Moore v. Publicis Groupe & MSL Grp., supra, 2012 WL 2218729 at *10-*11; Hoffenberg v. United States, supra, 333 F. Supp. 2d at 172.

With respect to the form of the recusal motion itself, Judge Matsumoto explained:

> An affidavit alleging "personal bias or prejudice either against [the moving party] or in favor of any adverse party" pursuant to Section 144 must "be accompanied by a certificate of counsel of record stating that it is made in good faith." 28 U.S.C. § 144. "The reason for this requirement is that since the court cannot test the truth of the claimed facts, the law requires the counsel's certification that the motion is made in good faith." Nelson, 2010 WL 2629742 at *6 (citation and internal quotation marks omitted).
>
> . . . . Because plaintiff is proceeding pro se, [he] cannot submit the certification of counsel as required by the statute, however. See Longi, 2006 WL 3403269,

---

[8]"The timeliness requirement that governs claims brought under Section 455 is not explicit." Clemmons v. Comm'r of Soc. Sec., supra, 2011 WL 6130926 at *4 n.3. However, "the requirement 'that a party 'move for recusal in a timely fashion . . . has been effectively read into the statute.'" Clemmons v. Comm'r of Soc. Sec., supra, 2011 WL 6130926 at *4 n.3, quoting Nasca v. Cnty. of Suffolk, No. 09-CV-0023 (JFB)(ETB), 2010 WL 3713186 at *2 (E.D.N.Y. Sept. 13, 2010); see also Da Silva Moore v. Publicis Groupe & MSL Grp., supra, 2012 WL 2218729 at *10. Thus, "motions to recuse under Section 455 are subject to the same requirement of timeliness as those under Section 144." Clemmons v. Comm'r of Soc. Sec., supra, 2011 WL 6130926 at *4 n.3, citing Katzman v. Victoria's Secret Catalogue, 939 F. Supp. 274, 277 (S.D.N.Y. 1996) (Sweet, D.J.).

at *1 (Section 144 "requires a good faith certification from counsel and as such, may not be available to <u>pro se</u> litigants"); <u>see also</u> <u>Williams</u>, 287 F. Supp. 2d at 249 ("[Party's] affidavit, which is submitted <u>pro se</u> and without a certificate of counsel of record, fails on this threshold matter.").

Section 455(b)(1) does not require a certificate of counsel, however, and the substantive inquiries under Section 144 and Section 455(b)(1) are the same. <u>Rothstein v. Fung</u>, No. 03-CIV-674, 2003 WL 22829111, at *2 (S.D.N.Y. Nov. 26, 2003). Accordingly, although plaintiff's application is defective in form for lack of a certificate of counsel under Section 144, the court will examine the merits of plaintiff's motion, particularly because it challenges the impartiality of the court. <u>See</u> <u>Lamborn</u>, 726 F. Supp. at 515 (<u>quoting</u> <u>Paschall v. Mayone</u>, 454 F. Supp. 1289, 1300 (S.D.N.Y. 1978)) ("Despite defendant's motion being deficient in both timeliness and form, since the impartiality of the court has been questioned, it is important to address [defendant's] contentions on the merits.").

<u>Clemmons v. Comm'r of Soc. Sec.</u>, <u>supra</u>, 2011 WL 6130926 at *5-*6; <u>see also</u> <u>Hoffenberg v. United States</u>, <u>supra</u>, 333 F. Supp. 2d at 177 n.5.

    C.    Application of the
           <u>Foregoing Principles</u>

        1.    Arguments in
               <u>Support of Recusal</u>

Plaintiff's motion papers are virtually identical to other motions that he has previously filed in this Court. Moreover, plaintiff's papers largely contain information that is immaterial to his recusal motions. For example, in plaintiff's

affirmation which spans 134 pages, he does not reference any
conduct of Judge Crotty until pages 102-03!  Instead, plaintiff
spends an inordinate amount of time (1) reciting the alleged
facts underlying his various actions, (2) criticizing the Stober
Defendants' representation of him in the 06 Civ. 6841 action and
opposing their claim for fees and (3) attacking the July 30, 2009
settlement.

     When plaintiff does finally discuss Judge Crotty's
putative bias in the above-referenced actions, it is clear that
his only evidence of bias is his personal disagreement with Judge
Crotty's Order dated February 19, 2010 upholding the settlement
in this matter and closing his actions (see, e.g., Plaintiff's
Affirmation in Support of Motion for Recusal of the District
Court Judge(2) [sic], dated Feb. 10, 2012 ("Pl.'s Aff."), ¶¶ 400-
01, 410-20, 423-26, 455-500, annexed as part of Plaintiff's
Notice of Motion for Recusal of District Court Judge(2) [sic],
dated Feb. 24, 2012 ("Pl.'s Not. of Mot.") (Docket Item 167 in 06
Civ. 6841); see also Plaintiff's Memorandum of Law in Support of
Motion for Recusal of District Court Judge(2) [sic], dated Feb.
24, 2012 ("Pl.'s Mem.") (Docket Item 168 in 06 Civ. 6841)).  For
example, plaintiff argues:

     On February 19, 2010, Hon. Judge Paul A. Crotty
     issued almost a "blanket" Court Order against the
     Plaintiff without any fact-finding and legal basis

<u>whatsoever</u> and without even bothering to review or without even having any significant understanding of the Plaintiff's most important claims in multi-million dollar claims in his 08-CV-8120 action and 8-years old 09-CV-0010 action [<u>sic</u>] . . . .

    Honorable Judge Crotty **repeatedly denied even Plaintiff's absolute (constitutional) right to "formally" discharge his own (dishonest) attorney** ([f]ired attorney(3) Stober [<u>sic</u>] and instead allowed him (Stober) to **basically HIJACK** his own client's (Plaintiff's) 8-year old, multi-action . . . multi-million dollar constitutional rights litigation [<u>sic</u>].

            *     *     *

    Fired attorney(3) Stober [<u>sic</u>] was allowed to file various <u>self-serving</u> and (frivolous) motions and cross-motions against his own client (the Plaintiff) . . . .

    Judge Crotty simply struck [] each and every of the [<u>sic</u>] Plaintiff's motions against [f]ired attorney(3) Stober [<u>sic</u>] and granted each of his (Stober's) self-serving cross-motions and bogus attorney fee claims even though they were in blatant violation of the Attorney Rules of Professional Conduct . . . .

(Pl.'s Aff. ¶¶ 455-56, 460, 463-64; <u>see</u> <u>also</u> Pl.'s Mem. at 14, 17-21) (emphasis in original).

    As evidence of Judge Crotty's putative "bias" against him, plaintiff cites a number of statements that Judge Crotty made in either an Order or during an in-person conference with the parties.  Specifically, plaintiff refers to the following statements:  (1) "By the time of his discharge, Stober had worked for two years, and his work had produced a substantial, almost inconceivable, monetary benefit for [plaintiff]" (Pl.'s Aff. ¶

483; Pl.'s Mem at 11; see also Docket Item 149 at 7 in 06 Civ.
6841); (2) "This matter has dragged on far too long" (Pl.'s Aff.
¶ 487; Pl.'s Mem. at 5; see also Docket Item 139 in 06 Civ.
6841); (3) "I know.  [This matter has been going on for] longer
than World War II" (Pl.'s Aff. ¶ 487; Pl.'s Mem. at 5) and (4)
"This matter has proceeded for so long, with so many different
variations, that it would be fundamentally unfair to extend it
further by not closing it finally, once and for all" (Pl.'s Aff.
¶ 488; Pl.'s Mem. at 5; see also Docket Item 149 at 6 in 06 Civ.
6841).

     Finally, plaintiff contends that recusal is proper
because (1) Judge Crotty was aware of the Stober Defendants'
putative violations of the New York Rules of Professional Con-
duct, and, instead of taking appropriate action against them in
accordance with Section 100.3(D)(2), he instead struck all of
plaintiff's motions and closed his various actions and (2) Judge
Crotty is a "material witness" in the Stober Defendants' alleged
perjury and legal malpractice committed during the February 17,
2010 conference (Pl.'s Aff. ¶¶ 496-97; see also Pl.'s Mem. at 21-
22).

     Before addressing the merits of plaintiff's recusal
motions, I first consider whether he has complied with the
necessary procedural requirements.

2.    Plaintiff's Recusal
      Motions are Untimely

Plaintiff complains of conduct by Judge Crotty arising
out of a court conference held on February 17, 2010 and an Order
issued on February 19, 2010.  However, plaintiff waited until
approximately twenty-four to twenty-six months later -- February
24, 2012 and April 23, 2012, respectively -- to file his recusal
motions.  A delay of this length renders plaintiff's filings
untimely.  See, e.g., Omega Eng'g, Inc. v. Omega, S.A., 432 F.3d
437, 448 (2d Cir. 2005) (delay of seven months rendered recusal
motion untimely); United States v. Durrani, 835 F.2d 410, 427 (2d
Cir. 1987) (delay of four months rendered recusal motion un-
timely); Apple v. Jewish Hosp. & Med. Ctr., supra, 829 F.2d at
334 (delay of two months rendered recusal motion untimely); Univ.
City Studios, Inc. v. Reimerdes, 104 F. Supp. 2d 334, 349-50
(S.D.N.Y. 2000) (Kaplan, D.J.) (delay of four months rendered
recusal motion untimely).

Although the courts do consider four additional factors
in assessing the timeliness of a recusal motion -- i.e., whether
the movant has substantially participated in the litigation,
whether granting the motion would be a waste of judicial re-
sources, whether the movant made the motion after the entry of
judgment and whether the movant can demonstrate good cause for

18

the delay -- none of these factors assist plaintiff here.   See

Apple v. Jewish Hosp. & Med. Ctr., supra, 829 F.2d at 333-34.

        With respect to the first factor, the dockets in the

above-referenced actions clearly demonstrate that plaintiff has

participated in his actions in a substantial manner.  He has

filed numerous motions over the years and has sent many letters

to the Court.  In two of the three actions at issue, i.e., the 08

Civ. 8120 and the 09 Civ. 0019 actions, he was proceeding pro se.

Morever, plaintiff has expressly stated on the record many times

that he has done the majority of work in each of his actions

(see, e.g., Pl.'s Aff. ¶¶ 51, 408, 427).  Most recently, he has

asserted this contention at length in his opposition papers to

the Stober Defendants' claim for fees (see, e.g., Docket Items

163, 164 and 171 in 06 Civ. 6841).

        With respect to the second factor, granting plaintiff's

recusal motions would represent a waste of judicial resources.

Plaintiff's actions have already proceeded in this Court for

several years.  Moreover, the above-referenced actions were

settled in a July 30, 2009 settlement agreement between plaintiff

and the Columbia Defendants.  The validity of this settlement

agreement was recently affirmed by the Second Circuit, with only

one issue remaining in the matter -- i.e., the amount of legal

fees recoverable by the Stober Defendants.  Raghavendra v.

19

Trustees of Columbia Univ., supra, 434 F. App'x at 31-32.  Thus, once the fee dispute is resolved by Judge Crotty, nothing remains to be done in the 06 Civ. 6841, 08 Civ. 8120 and 09 Civ. 0019 actions.

With respect to the third factor, plaintiff filed his recusal motions approximately six to eight months after the Second Circuit affirmed the validity of the settlement agreement in this matter.  Although the Second Circuit did remand the matter for further factual findings concerning the fee dispute, for all practical purposes, there is nothing left to litigate with respect to the merits of plaintiff's claims.

Finally, with respect to the fourth factor, plaintiff provides no explanation whatsoever for the delay in filing his recusal motions.  Thus, as a result, he cannot be said to have demonstrated good cause for the delay.

Accordingly, on the basis of the foregoing, plaintiff's recusal motions are denied because they are untimely.[9]

---

[9]Plaintiff has not submitted a certificate of counsel with his recusal motions in accordance with Section 144, and, thus, a portion of his motions are also procedurally deficient on this ground.  However, because I find that plaintiff's motions are untimely, I need not discuss this deficiency further.

3.   Plaintiff's Recusal Motions
     <u>Are, In Any Event, Without Merit</u>

Even had plaintiff's motions been timely, they would still be denied for lack of merit.  As already noted, plaintiff moves for the recusal of Judge Crotty simply because he disagrees with certain unfavorable rulings issued in February 2010.  In addition, plaintiff disagrees with Judge Crotty's opinion that his actions have been pending for far too long.

However, "'judicial rulings alone almost never constitute a valid basis for a bias or partiality motion,' and 'opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.'"  <u>Weisshaus v. Fagan</u>, 456 F. App'x 32, 35 (2d Cir. 2012), <u>quoting</u> <u>Liteky v. United States</u>, 510 U.S. 540, 555 (1994); <u>see also</u> <u>Loeber v. Spargo</u>, 391 F. App'x 55, 59 (2d Cir. 2010); <u>Kashelkar v. Vill. of Spring Valley</u>, 06 Civ. 6108 (CS)(LMS), 2008 WL 4684260 at *1 (S.D.N.Y. Oct. 16, 2008) (Seibel, D.J.) (collecting cases).  Plaintiff alleges no facts whatsoever demonstrating such a "deep-seated favoritism or antagonism" on the part of Judge Crotty that would make fair judgment impossible in these actions.

21

Plaintiff's argument that recusal is proper because Judge Crotty violated Sections 100.3(D)(2) and 100.3(E)(1)(b) of the New York Rules of Judicial Conduct is similarly deficient. These sections, by their terms, apply only to judges of the Unified Court System.  22 N.Y. Comp. Codes R. & Regs. § 100.6(A). The New York State Constitution defines the "Unified Court System" as:

> There shall be a unified court system for the state. The state-wide courts shall consist of the court of appeals, the supreme court including the appellate divisions thereof, the court of claims, the county court, the surrogate's court and the family court, as hereinafter provided.  The legislature shall establish in and for the city of New York, as part of the unified court system for the state, a single, city-wide court of civil jurisdiction and a single, city-wide court of criminal jurisdiction, as hereinafter provided, and may upon the request of the mayor and the local legislative body of the city of New York, merge the two courts into one city-wide court of both civil and criminal juris-diction.  The unified court system for the state shall also include the district, town, city and village courts outside the city of New York, as hereinafter provided.

N.Y. Const. Art. 6, § 1(a).  Judge Crotty is a federal district judge in the Southern District of New York, and, therefore, the sections referred to by plaintiff are not applicable to him.

Accordingly, while I deny plaintiff's recusal motions as untimely, they are, in any event, without merit.

22

D.   Defendants'
     <u>Motion to Strike</u>

Both the Columbia Defendants and the Stober Defendants move to strike plaintiff's recusal motions from the record.

The Columbia Defendants contend that, in violation of the settlement agreement, the settlement amount in this matter can be deduced from plaintiff's motion papers.  Even if this may be, there is a strong public interest in having open court proceedings, and, on this basis, I deny the motion to strike.  However, to address the Columbia Defendants' concern that the settlement amount in this matter remain confidential, they may submit to my Chambers a list of all the paragraphs and/or pages that they would like redacted from plaintiff's filings on the basis that such paragraphs and/or pages contain improper refer- ences to the settlement amount.  If they are correct, I shall have the offending material redacted from the filed copies of these documents.

The Stober Defendants contend that plaintiff is in violation of Judge Crotty's February 19, 2010 Order directing him to cease filing papers containing <u>ad</u> <u>hominem</u> attacks against them.  Plaintiff's papers do contain such attacks; however, I deny the motion to strike at this time.  The Stober Defendants are free, if they so choose, to make a motion to hold plaintiff

in contempt of court for violating Judge Crotty's Order.   Any
such motion should reference the specific paragraphs and/or pages
of plaintiff's filings that the Stober Defendants believe vio-
lated Judge Crotty's Order.

IV.   Conclusion

          For all the foregoing reasons, (1) each of plaintiff's
recusal motions are denied and (2) the defendants' respective
motions to strike are denied.   The Clerk of the Court is directed
to mark as closed the following docket items:   Docket Item 167
(06 Civ. 6841); Docket Item 87 (08 Civ. 8120) and Docket Item 63
(09 Civ. 0019).

Dated:   New York, New York
         July 13, 2012

                              SO ORDERED,

                              _____
                              HENRY PITMAN
                              United States Magistrate Judge

Copies mailed to:

Louis D. Stober, Esq.
Suite 205
350 Old Country Road
Garden City, New York   11530

Mr. Rajagopala S. Raghavendra
P.O. Box 7066
Hicksville, New York   11802-7066

Edward A. Brill, Esq.
Susan D. Friedfel, Esq.
Proskauer Rose LLP
11 Times Square
New York, New York  10036

Charles B. Updike, Esq.
Schoeman, Updike & Kaufman LLP
39th Floor
60 East 42nd Street
New York, New York  10165

Tara M. LaMorte, Esq.
Assistant United States Attorney
Southern District of New York
86 Chambers Street
New York, New York  10007

Robert G. Leino, Esq.
Room 17F
15 Park Row
New York, New York  10038