USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 31, 2012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| RAJAGOPALA SAMPATH RAGHAVENDRA, also known as Randy S. Raghavendra,                                    Plaintiff,<br><br>           - against -<br><br>THE TRUSTEES OF COLUMBIA UNIVERSITY, et al.,<br><br>                                  Defendants. | 06 Civ. 6841 (PAC) (HBP) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| RAJAGOPALA SAMPATH RAGHAVENDRA, Founder, Racial Equality Struggles for Columbia University Employees (Rescue) Ad Hoc Committee, also known as Randy S. Raghavendra,<br><br>                                   Plaintiff,<br><br>           - against -<br><br>NATIONAL LABOR RELATIONS BOARD, et al.,<br><br>                                   Defendants. | 08 Civ. 8120 (PAC) (HBP) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| RAJAGOPALA SAMPATH RAGHAVENDRA, also known as Randy S. Raghavendra,<br><br>                                   Plaintiff,<br><br>           - against -<br><br>THE TRUSTEES OF COLUMBIA UNIVERSITY, et al.,<br><br>                                   Defendants. | 09 Civ. 0019 (PAC) (HBP) |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**ORDER ADOPTING R&R**

HONORABLE PAUL A. CROTTY, United States District Judge:

On February 19, 2010, this Court held that Plaintiff Rajagopala Raghavendra's ("Raghavendra") settlement agreement with his former employer, the Trustees of Columbia University in the City of New York ("Columbia") was valid and enforceable, and that Raghavendra's counsel, Louis D. Stober, Jr. and the Law Offices of Louis D. Stober, Jr., LLC (the "Stober Defendants") were entitled to recover their full contingency fee, as agreed upon in their retainer agreement.  See Raghavendra v. Trustees of Columbia Univ., 686 F. Supp. 2d 332, 334-35 (S.D.N.Y. 2010).  On appeal, the Second Circuit affirmed the holding that the settlement agreement was valid and enforceable, but remanded the attorneys' fees issue for further factual findings regarding "the timing of the commencement of counsel's representation and the pendency of other cases, litigated pro se, that are folded into the settlement."  Raghavendra v. Trustees of Columbia Univ., 434 F. App'x 31, 32 (2d Cir. 2011).  This Court referred the matter to Magistrate Judge Henry Pitman to make further factual findings and issue a Report and Recommendation ("R&R").

On July 11, 2012, Magistrate Judge Pitman issued a thorough and scholarly R&R, recommending that the Court award the Stober Defendants one-third of the settlement proceeds in legal fees, less a credit in favor of Raghavendra in the amount of $10,000.00.  On August 17, 2012, Raghavendra filed a barrage of objections.  For the reasons that follow, the Court rejects all objections and adopts the R&R in its entirety.

## I.     Background[1]

On September 6, 2006, Raghavendra instituted the 06 Civ. 6841 action against Columbia, Lee Bollinger, Robert Kasdin, and William Scott (collectively, the "Columbia Defendants"), alleging generally that the Columbia Defendants violated Raghavendra's civil rights and

---

[1] All facts are taken from the R&R unless otherwise noted.

retaliated against him when he complained about it. The alleged conduct commenced in 2001, leading up to his claimed wrongful termination in 2005.[2]

Approximately one year after initiating the 06 Civ. 6841 action, Raghavendra retained the Stober Defendants as counsel, but only for his federal human rights action against Columbia, and not for any other action or proceeding. The retainer agreement, date July 10, 2007 and signed by Raghavendra, provided that Raghavendra would (1) pay a non-refundable up-front fee of $10,000 to the Stober Defendants as well as "one-third (33.33%) of all monies received"; (2) pay for all costs incurred by the Stober Defendants in litigating the action; and (3) receive a credit for the up-front fee against any one-third contingency fee awarded by the Court. Raghavendra paid the $10,000 up-front fee.

By the time Raghavendra retained counsel, a motion to dismiss had been fully briefed in the 06 Civ. 6841 action. On July 7, 2008, the Court dismissed most of Raghavendra's claims, leaving only his retaliation and failure to promote claims against the Columbia Defendants, and wrongful termination claim against Columbia.

On September 19, 2008, Raghavendra, proceeding pro se, filed a second action (08 Civ. 8120) against the Columbia Defendants, the National Labor Relations Board ("NLRB"), Celeste Mattina, a director for the NLRB, and Laura Barbieri, an attorney of Schoeman, Updike & Kaufman, LLP, alleging various acts of employment discrimination, civil rights violations, violations of other federal statutes, and various common law claims. (See R&R 19-20.) Defendants moved to dismiss and on August 27, 2009, Magistrate Judge Pitman issued a R&R recommending that the Court dismiss all claims raised against NLRB, Mattina, and Barbieri.

---

[2] The tortured history of this litigation has also been described in: Raghavendra v. Trustees of Columbia Univ., 686 F. Supp. 2d 332, 334-35 (S.D.N.Y. 2010), aff'd in part, rev'd in part on other grounds, 434 F. App'x 31 (2d Cir. 2011); Raghavendra v. Trustees of Columbia Univ., 06 Civ. 6841 (PAC) (HBP), 2008 WL 2696226 (S.D.N.Y. July 7, 2008); and Raghavendra v. N.L.R.B., 08 Civ. 8120 (PAC) (HBP), 2009 WL 5908013 (S.D.N.Y. Aug. 27, 2009) (Report and Recommendation).

On January 5, 2009, the Columbia Defendants removed to this Court another action that Raghavendra initiated pro se on August 30, 2006 in New York State Supreme Court. In this pro se action, 09 Civ. 0019, Raghavendra asserted claims against the Columbia Defendants for a hostile work environment, failure to promote and re-hire on the basis of age and ethnicity, conspiracy to discriminate, and retaliation. On January 12, 2009, the Columbia Defendants moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Raghavendra's complaint.

All of Raghavendra's actions were scheduled for a July 30, 2009 mediation. After representing Raghavendra for approximately two years, and approximately one month before the mediation, on June 26, 2009, the Stober Defendants moved to withdraw as Raghavendra's counsel. They nonetheless continued to represent Raghavendra while their motion was pending. On July 23, 2009, Raghavendra sent the Stober Defendants an email summarizing the key facts and most important points about his three actions, which Raghavendra believed would aid in presenting his case, estimating damages, and presenting possible relief or settlement options at the scheduled mediation. He attached a schedule of damages to this email.

On July 30, 2009, at the conclusion of the all day mediation session, which involved Raghavendra, the Stober Defendants, Columbia and their counsel, as well as a mediator, Raghavendra signed a settlement agreement (the "Settlement Agreement"). The Settlement Agreement provided for the withdrawal of Raghavendra's claims in all three actions, in return for the payment of a very substantial dollar settlement award representing a high multiple of Raghavendra's annual salary,[3] and it also addresses how employment references will be handled in the future. The Settlement Agreement did not, however, allocate payments between the three actions. The Settlement Agreement states: "The terms set forth above are final and binding upon

---

[3] Since the terms of the Settlement Agreement are confidential, the Court will not recite the specific settlement award.

4

the parties." As the Settlement Agreement resolved all of Raghavendra's actions, the Court did not need to adopt, modify, or address Magistrate Judge Pitman's R&R in 08 Civ. 8120 action, see supra, 3 n.2; or rule on the defendants' motion to dismiss in 09 Civ. 0019 action.

Apparently suffering a bout of settlers' remorse, Raghavendra almost immediately tried to walk away from his Settlement Agreement and objected to any payment of legal fees to the Stober Defendants. The Second Circuit has affirmed the determination that the Settlement Agreement is binding and enforceable. The Court turns to the remaining issue: the Stober Defendants' legal fees as they may be affected by the timing of the commencement of representation and the value of the pro se cases which may have been folded into the settlement.

**II.     Magistrate Judge Pitman's Report and Recommendation**

Magistrate Judge Pitman determined that Raghavendra's pro se actions did not contribute to the value of the settlement, and thus recommended that the Court award the Stober Defendants one-third of the settlement proceeds, minus $10,000.00, as specified in their retainer agreement. He also recommended that the Court deny Raghavendra's motions to consolidate and to dismiss the Stober Defendants' claim for fees.

To determine the value of the Raghavendra's pro se actions on the settlement award, Magistrate Judge Pitman first analyzed the similarity of the three actions. He found that all three actions are based on similar factual allegations: Raghavendra, an over-forty "Black (Dark-skinned) male of East-Indian Race," was employed by Columbia and supervised by defendant Scott, and was (1) subject to a hostile work environment based on his race, color, and national origin and (2) retaliated against for making internal complaint and filing suit in New York Supreme Court alleging discrimination. (R&R 24-25.) Magistrate Judge Pitman concluded that "[t]he 08 Civ. 8120 and 09 Civ. 0019 actions are, in essence, continuations of plaintiff's 06 Civ.

5

6841 action." They merely repeat allegations that the Columbia Defendants continued to discriminate against him by preventing him from organizing a Racial Equality Struggles for Columbia University Employees Fund (the "RESCUE Fund") and refusing to re-hire him. (Id. 25-26.) Indeed, "virtually all the claims asserted in [Raghavendra's] pro se actions are redundant of the claims that [he] asserted in the 06 Civ. 6841 action." (See id. 26-28.) Raghavendra's redundant pro se claims cannot have increased his settlement recovery because a plaintiff cannot recover twice for the same injury. See Lanzetta v. Florio's Enter., Inc., 08 Civ. 6181 (DC), 2011 WL 3209521 at *5 (S.D.N.Y. July 27, 2011); (R&R 31-32).

  Magistrate Judge Pitman then analyzed the few non-redundant claims raised in Raghavendra's pro se actions, and found that these claims were either meritless or already accounted for in the generous settlement award in the 06 Civ. 6841 action. (See R&R 28-30.) Specifically, he found that Raghavendra's claims against the NLRB Defendants and Mattina lack merit, for the reasons stated in his prior R&R. Further, even when construing Raghavendra's allegations in the light most favorable to him, Magistrate Judge Pitman found that Raghavendra "simply fails to demonstrate that as a result of the Columbia Defendants' actions, he was prevented – and, thus, deprived of his right – to create the [RESCUE] Fund." (R&R 30-31.) Raghavendra had not alleged any additional facts in his pro se complaints to suggest that his prospects of recovery at trial would have been enhanced under his failure to re-hire, failure to provide references, and continuing retaliation claims. (R&R 33.) Thus, Magistrate Judge Pitman concluded that even if Raghavendra went to trial and prevailed on his Title VII, ADEA, Title VI, Section 1981, NYSHRL and NYCHRL, conspiracy and aiding and abetting claims, "he likely would not have recovered damages beyond those recoverable in the 06 Civ. 6841 action."

6

(R&R 31-32.) Accordingly, Magistrate Judge Pitman found that the pro se actions did not contribute value to the Settlement Agreement.

Magistrate Judge Pitman next addressed Raghavendra's argument that the Stober Defendants were not representing him during the mediation because they had already moved to withdraw as counsel. He determined that Raghavendra's argument was without merit because Raghavendra was aware of the motion to withdraw, Raghavendra conceded that he provided the Stober Defendants with information to assist them during the mediation, and otherwise "accepted their professional service." (R&R 34.)

Having determined that the pro se actions did not contribute to the value of the settlement, and in light of this Court's prior ruling finding the retainer agreement valid and enforceable, Magistrate Judge Pitman found the Stober Defendants "are entitled to recover legal fees consistent with their retainer agreement"—i.e., one-third of the settlement amount, less $10,000.00 for the up-front fee provided. (Id.)

Finally, Magistrate Judge Pitman recommended that the Court deny Raghavendra's motion to consolidate this action with his 11 Civ. 9251 action as moot, because that action has since been remanded to New York Supreme Court for lack of subject matter jurisdiction. He further recommended that the Court deny Raghavendra's motion to dismiss the Stober Defendants' request for fees because, for the reasons discussed above, the motion is meritless.

### III. Discussion

In reviewing a report and recommendation, a court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a timely objection is made to the magistrate's recommendations, the court is required to review the contested portions de novo. Pizarro v. Bartlett, 776 F. Supp. 815, 817

7

(S.D.N.Y. 1991).  The court "may adopt those portions of the [R&R] to which no objections have been made and which are not facially erroneous."  La Torres v. Walker, 216 F. Supp. 2d 157, 159 (S.D.N.Y. 2000).

After Magistrate Judge Pitman issued his R&R, Raghavendra filed motions[4] to enforce the Settlement Agreement on August 16, 2012, and filed objections to the R&R, on August 17, 2012.  Both Raghavendra's objections and his new motions are discussed below.

    A.  Raghavendra's Objections to the R&R

Raghavendra raises seven objections, all of which are familiar to those who know the history of this decade long dispute, including that the R&R: (1) disregards the severity of Raghavendra's suffering (Objections 7-8); (2) omits and disregards the objectives of Ragavendra's various lawsuits (id. 8-15); (3) fails to comply with the Second Circuit's order (id. 15-19); (4) incorrectly and prematurely determines that the retainer agreement is valid (id. 19-21); (5) omits important facts (id. 21-25); (6) disregards the Stober Defendants' professional misconduct (id. 25-32); and (7) fails to recognize that the District Court lacks jurisdiction over Raghavendra's New York State Court action (id. 33-34).

Raghavendra's first objection regarding the severity of his suffering is, in essence, an objection to the size of the settlement award.  The Second Circuit has already affirmed the District Court's finding that the Settlement Agreement is valid and enforceable, Raghavendra, 434 F. App'x 31.  Raghavendra's first objection is thus rejected.

Raghavendra's second objection provides a summary of his five actions,[5] lists his purpose in instituting each of these actions, estimates the damages sought in each action, and provides the status of each action at the time of settlement.  In large part, Raghavendra's

---

[4] Raghavendra filed a motion in each of the three actions: 06 Civ. 6841, 08 Civ. 8120, and 09 Civ. 0019.
[5] Raghavendra's five actions include the three discussed above, a 2003 New York Supreme Court action, and an EEOC complaint.

8

summary tracks the factual recitation in the R&R and thus is not an "objection." Raghavendra's claim that he filed two additional "actions" that were not discussed in the R&R—an EEOC complaint and a 2003 New York Supreme Court action that raised discrimination allegations similar to those raised in the 06 Civ. 6841 action—does not warrant modifying Magistrate Judge Pitman's legal analysis, as discussed below. Furthermore, while the R&R does not recite Raghavendra's estimate of damages for each action—which is frequently listed at $7.5 Million per action—that is because there is no factual support for any of the numbers he projects. Accordingly, Raghavendra's second objection is without merit.

Raghavendra's third objection is that the R&R did not comply with the Second Circuit's mandate. In support of this objection, Raghavendra quotes at length from the oral argument transcript before the Second Circuit, predominantly highlighting arguments that his attorney made in support of his claims. But Magistrate Judge Pitman followed precisely the Second Circuit's requirements. He made "factual findings that bear upon the award of fees including, inter alia, the timing of the commencement of counsel's representation and the pendency of other cases, litigated pro se, that are folded into the settlement," Raghavendra, 434 Fed. App'x at 32. Accordingly, the Court rejects Raghavendra's third objection.

Raghavendra's fourth objection is that Magistrate Judge Pitman prematurely determined that the retainer agreement was valid before Raghavedra tried his action against the Stober Defendants in New York State Supreme Court for "Fraudulent Inducement of Retainer, Breach of Attorney Contract, Unjust Enrichment, Negligent Misrepresentation, Legal Malpractice, etc." (Objections 19.) This Court, however, previously determined that the retainer agreement was valid and enforceable, Raghavendra, 686 F. Supp. 2d at 337, and the Second Circuit did not hold otherwise. The fact that Raghavendra is currently litigating a state court action regarding the

9

Stober Defendants' professional conduct is not a sufficient reason to modify or reject the Court's earlier holding, or delay deciding the issue. Accordingly, Raghavendra's fourth objection is without merit.

Raghavendra's fifth objection raises a number of challenges to the R&R's factual recitation. Raghavendra seeks to take advantage of his practice of filing multiple repetitive actions by claiming now which ones were the most effective in achieving the settlement amount he tried to reject. First, Raghavendra claims that his 2003 New York State court action was scheduled for trial on September 24, 2009, and thus contributed more to the value of the settlement than the 06 Civ. 6841 action.[6] But the 2003 action, which Raghavendra initiated before he was fired from Columbia, raised allegations of discrimination that were similar to Raghavendra's 06 Civ. 6841 action. The same allegations were then repeated and elaborated on in Raghavendra's subsequent filed actions: 06 Civ. 6841, 08 Civ. 8120, and 09 Civ. 0019. Except for the fact that, after a six-year course in State court, this case was scheduled for trial, Raghavendra does not provide any facts to suggest that his recovery would have been greater under his 2003 state court action than in any of his other actions. Accordingly, since the 2003 State court action raised similar discrimination claims to those raised in 06 Civ. 6841, there is no reason to find that this action contributed any additional value to the Settlement Agreement.

Raghavendra next argues that the R&R ignored that his 06 Civ. 6841 action sought only back-pay damages; and incorrectly found that his 08 Civ. 8120 and 09 Civ. 0019 actions were redundant of his 06 Civ. 6841 action, when he estimated that his damages would have been greater in his 08 Civ. 8120 and 09 Civ. 0019 actions. The R&R, however, did not ignore

---

[6] Raghavendra repeatedly references "Enf. Af. Exh.," but he did not attach any exhibits to his objections, and his references do not match up with any of his prior filings on ECF. The Court was nonetheless able to locate many of the documents purportedly attached and otherwise has sufficient information to rule on this motion at this point.

10

Raghavendra's argument that the 06 Civ. 6841 action only sought back-pay damages (see R&R 12), but instead concluded rightly that the settlement award compensated Raghavendra for the *conduct alleged* in the 06 Civ. 6841 action, which was largely redundant of the conduct alleged in the 08 Civ. 8120 and 09 Civ. 0019 actions.[7]  Raghavendra offers no factual support for his damages estimates, as discussed above.[8]  There is nothing to suggest that if Raghavendra proved the facts alleged in the 08 Civ. 8120 and 09 Civ. 0019 actions at trial, that he would have received a greater monetary award.  Accordingly, the fact that Raghavendra sought different damages awards in different cases does not warrant lessening the Stober Defendants' fees for securing a Settlement Agreement that compensated Raghavendra for the alleged wrongful conduct in all actions.

Raghavendra also objects to the R&R's conclusion that the Stober Defendants represented him in the mediation.  This fact, however, is adequately supported by the evidence, including Raghavendra's email to the Stober Defendants a week before the mediation advising them of the merits of each of his actions and estimate of damages to aid them in securing a sufficient settlement.

Raghavendra's sixth objection concerns the Stober Defendants' purported attorney misconduct.  As stated in this Court's prior opinion granting Raghavendra's motion to remand, see Raghavendra v. Stober, 11 Civ. 9251, the Court lacks subject matter jurisdiction to hear these arguments.  Accordingly, the Court will not consider this objection here.  Indeed, Raghavendra's

---

[7] It is clear that the settlement award did not reflect the amount of damages Raghavendra sought, or believes he is entitled to, which he claims "exceed[ed] $100 Million."  Rather the Settlement Agreement reflected the amount Raghavendra agreed to after mediation.  The Second Circuit has already affirmed that the Settlement Agreement is valid and enforceable.  Raghavendra, 434 Fed. App'x at 32.

[8] While Raghavendra notes that he sought immediate reinstatement in the 08 Civ. 8120 action, it is not likely that this request would have resulted in a greater settlement amount and/or actual reinstatement.

final objection, which again is not an actual objection, claims that the Court lacks jurisdiction over his state law claims.

Raghavendra's objections are without merit or otherwise raise issues that the Court cannot or will not consider in ruling on this R&R. The Court has reviewed the remaining portions of the R&R for clear error and finds none. Accordingly, the Court adopts the R&R in its entirety.

### B. Raghavendra's Motions to Enforce the Settlement Agreement

Raghavendra recently filed three additional motions, seeking to enforce the Settlement Agreement, which he requests be paid in full directly to him, and to dismiss the Stober Defendants' claim for attorneys' fees, or, in the alternative, to create an escrow account to hold the 30 to 50 billable hours worth of fees allegedly earned by the Stober Defendants. Raghavendra wrongfully argues that the Settlement Award has been "illegally withheld" by the Columbia Defendants for over three-years. It was Raghavendra, however, that caused this delay by filing repeated motions seeking to disavow the Settlement Agreement and strip the Stober Defendants of their legal fees. Raghavendra has the misguided notion that it is the quantity of the actions instituted and motions filed, rather than the quality of the arguments presented that will secure a successful outcome. Thus, rather than relying on his objections to the R&R, Raghavendra filed three new motions, in each of the above captioned cases, arguing again that the Stober Defendants are not entitled to legal fees. This practice wastes the Court's, Raghavendra's, and the Defendants' time. Raghavendra's arguments are rejected for the reasons stated above.

As discussed above, the Court holds that the Stober Defendants are entitled to one-third of the settlement amount, less $10,000.00 for the up-front fee provided. Raghavendra's request

that the Court order the settlement award be paid in full directly to Raghavendra, without prejudice to the various arguments he intends to raise in New York State Court—including, that the Stober Defendants violated standards of professional conduct, and that certain terms of the Settlement Agreement are ambiguous—is DENIED. If Raghavendra wishes to litigate his New York State Court action before the Stober Defendants receive their portion of the settlement award, then he should not seek to enforce the Settlement Agreement until the conclusion of that action. If, however, Raghavendra wishes to enforce the Settlement Agreement now, he must tailor his request to comply with the Court's holding, detailed above, regarding the Stober Defendants' entitlement to legal fees.

## IV. Conclusion

The Court adopts Magistrate Judge Pitman's R&R in its entirety and awards one-third of the settlement proceeds in legal fees, less a credit of $10,000.00, to the Stober Defendants. Raghavendra's motion to dismiss or consolidate the Stober Defendants' claim for fees is DENIED. Raghavendra's motions to enforce the Settlement Agreement without prejudice to his New York State Court action are DENIED.

The Clerk of Court is directed to terminate these motions—docket nos. 163 and 185 in 06 Civ. 6841, docket no. 96 in 08 Civ. 8120, and docket no. 76 in 09 Civ. 0019– enter judgment, and close cases 08 Civ. 8120 and 09 Civ. 0019.[9]

Dated: New York, New York
      August 3, 2012

                                                  SO ORDERED

                                                  PAUL A. CROTTY
                                                  United States District Judge

---

[9] The 06 Civ. 6841 action is already closed.

13

Copies transmitted to:

Mr. Rajagopala Sampath Raghavendra
P.O. Box 7066
Hicksville, New York, 11802-7066