USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **4-15-14**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                                    :
RAJAGOPALA SAMPATH                                  :       Case Nos.:
RAGHAVENDRA, a/k/a RANDY S.                         :
RAGHAVENDRA                                          :       06 Civ. 6841 (PAC) (HBP)
                                                    :       08 Civ. 8120 (PAC) (HBP)
                 Plaintiff,                          :       09 Civ. 00019 (PAC) (HBP)
                                                    :
   -against-                                         :
                                                    :       **ORDER**
THE TRUSTEES OF COLUMBIA                             :
UNIVERSITY, et al.,                                 :
                                                    :
                 Defendants.                         :
                                                    :
------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

   Plaintiff Randy Raghavendra apparently cannot come to grips with the fact that he has

settled these cases with Defendant Columbia University. Despite repeated orders from this Court

making it abundantly clear that he must execute appropriate release documents, he persists in

engaging in obstructive tactics, including making nonsensical motions designed to delay the

inevitable. These tactics have consumed substantial resources from his adversaries, Magistrate

Judge Pitman, this Court, and the U.S. Court of Appeals for the Second Circuit. This is not a

"10-years old civil rights struggle" as Raghavendra argues, but rather a trespass on common

sense. It must come to an end.

   On December 20, 2013, the Court ordered Raghavendra to "execute an appropriate

general release" of his claims against Columbia or be held in contempt of court. (Dkt. 239 (the

"Order") at 5.) The Order required Raghavendra "to confer with Columbia, in the utmost good

faith, regarding the language of the release, but with the full understanding that the substance and

1

effect has already been determined by the Court." (*Id.* at 4.)  Indeed, the Order specified "[f]or

the avoidance of all doubt" that "any effort by Plaintiff to retain claims" against Columbia

relating to this dispute would be a violation of the Order. (*Id.*)  It also prohibited Raghavendra

from "seek[ing] to obtain payment of the portion of the settlement to which [his former lawyer,

Louis] Stober is entitled under the Retainer Agreement." (*Id.*)  The Order set a deadline of

January 31, 2014 for compliance. (*Id.* at 5.)

Raghavendra appealed the Order and subsequently requested that this Court modify or

stay it pending the appeal, which the Court denied.  The Second Circuit subsequently dismissed

Raghavendra's appeal for lack of jurisdiction and denied his petition for a writ of mandamus.

Instead of complying with the Court's Order, Raghavendra persists in the same

obstructionist tactics.[1]  He insists on language indicating that he is not voluntarily releasing all

claims and that "the one and only reason" he would be signing the release is to comply with the

Order and "avoid draconian sanctions." (Brill Decl. ¶ 27.)  This is obviously an effort by

Raghavendra to retain his claims by challenging the validity of the release in his pending

litigations in state court.[2]  This is a clear violation of the Order, and therefore Raghavendra's

motion for a declaration that he has complied with the Order is denied.

---

[1] Raghavendra disingenuously protests that he requires an order that he "can clearly understand and immediately comply with." (Pl.'s Reply Aff. at 1 (Dkt. 259).)  The December 20, 2013 Order was crystal clear: "Plaintiff is ORDERED to execute an appropriate general release of all claims in connection with this matter."  That is consistent with the prior decisions of this Court and the Second Circuit interpreting and upholding the settlement agreement. *See Raghavendra v. Trustees of Columbia Univ.*, 686 F. Supp. 2d 332, 338 (S.D.N.Y. 2010) (ordering Raghavendra to "tender to Columbia release of all claims against all defendants in all actions and the EEOC Charge."), *aff'd in part*, 434 F. App'x 31, 32 (2d Cir. 2011) ("[The settlement agreement was binding and disposed of all of plaintiff's claims . . . .").  As Columbia correctly notes, the settlement agreement between Columbia and Raghavendra did not purport to require him to release any claims he may have against Stober (*see* Brill Decl. ¶ 32), nor has the Court suggested as much.  Once again, Raghavendra must release all of his claims against Columbia, including those currently pending in state court.

[2] On January 4, 2014, Justice Lucy Billings of the New York State Supreme Court issued several orders dismissing all of Raghavendra's claims against all defendants. (Brill Decl. ¶ 10, Ex. B.)  Raghavendra's appeals of those dismissals are pending.

Stober cross-moves for an order holding Raghavendra in contempt and imposing sanctions. Although Columbia previously moved for the Order subjecting Raghavendra to sanctions, if he failed to execute an appropriate release, Columbia now opposes Stober's instant motion. Columbia explains that it "does not want to be forced to litigate over the validity of any release [Raghavendra] claims he is executing involuntarily, or over an order holding him in contempt for failure to execute the agreement." (Brill Decl. ¶ 35.)

While Columbia's position is understandable, the Court cannot ignore Raghavendra's contumacious behavior. In December 2013, the Court determined that Raghavendra would be held in contempt, if he failed to comply with the Order. And not only has he failed to comply, he has flagrantly disregarded its central mandate—to end this litigation. Consequently, the Court holds Raghavendra in contempt. The question of appropriate sanctions, however, is reserved for when this litigation has finally concluded, *i.e.*, when Raghavendra exhausts his state appeals. In determining the appropriate sanctions, the Court will consider the duration of Raghavendra's delay in complying with the Order and the extent to which he engages in a good-faith effort to cure his noncompliance following the entry of today's order.

Any effort by Raghavendra to retain claims against Columbia represents an ongoing violation of the Order. That includes proposals that would undermine the effectiveness or validity of the required release. In addition, Raghavendra may not attempt to obstruct or delay the payment of the portion of the settlement to which Stober is entitled. The Court of Appeals has already dismissed Raghavendra's appeals relating to the enforceability of the retainer agreement.

## CONCLUSION

For the foregoing reasons, Raghavendra's motion to declare him in compliance with the December 20, 2013 Order is DENIED.  Stober's cross-motion is GRANTED IN PART, insofar as the Court holds Raghavendra in CONTEMPT.  The Court reserves the question of sanctions for the conclusion of this litigation, *i.e.*, the exhaustion of Raghavendra's appeals in state court.

The Court also retains jurisdiction over these cases.


Dated: New York, New York
       April 15, 2014

                                        SO ORDERED

                                        _____
                                        PAUL A. CROTTY
                                        United States District Judge


Copy Mailed and E-mailed By Chambers To:

Rajagopala (Randy) S. Raghavendra
P.O. Box 7066
Hicksville, NY 11802-7066

RSRaghavendra@yahoo.com