UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-1-17

------------------------------------------------------X

R. S. RAGHAVENDRA,

     *Plaintiff*,

-against-

THE TRUSTEES OF COLUMBIA
UNIVERSITY in the City of New York, et al.,

     *Defendants*.

------------------------------------------------------X

Case Nos.:

06 Civ. 6841 (PAC) (HBP)
08 Civ. 8120 (PAC) (HBP)
09 Civ. 0019 (PAC) (HBP)
17 Civ. 4480 (PAC) (HBP)

HONORABLE PAUL A. CROTTY, United States District Judge:

  Each of the above-captioned cases alleging employment discrimination and related claims of retaliation has been closed and dismissed *with prejudice* pursuant to a settlement agreement. Plaintiff R. S. Raghavendra ("Raghavendra"), however, has always refused to implement the settlement agreement, choosing instead a scorched earth plan of endless litigation to avoid the Court's orders. Defendant Columbia University and its staff members (collectively "Columbia") and Louis D. Stober Jr. and the Law Offices of Louis D. Stober, Jr., LLC (collectively "Stober") now move for an order imposing sanctions and injunctions against Raghavendra for his intransigence. As one might expect, Raghavendra counters with a barrage of requests for relief, but all of them are meritless. For the reasons set forth below, the Court **GRANTS** substantially all of Columbia's and Stober's motions and **DENIES** all of Raghavendra's motions.

## BACKGROUND

  More than a decade ago, Raghavendra initiated an employment litigation against Columbia, contending that Columbia violated his civil rights and had retaliated against him when he

1

complained about it. He retained Stober to represent his interest in the litigation.[1] The action was settled and the Second Circuit affirmed the settlement. Rather than effectuate the settlement and comply with this Court's multiple orders to do so, however, Raghavendra chose to continue his litigation campaign, which blossomed into numerous lawsuits in both federal and state courts against numerous defendants on various, untenable theories of liability. Raghavendra filed lawsuits, which bear no connection at all with the core discrimination claim, against its own attorney, Stober, and Columbia's attorneys in the New York State Courts[2]; and has filed a lawsuit against Columbia in the Eastern District of New York to relitigate the settled claim.

Each of Raghavendra's lawsuits has been dismissed or ordered to be dismissed. These dismissals were grounded on a settlement agreement of the original action, entered into on July 30, 2009 ("2009 Settlement Agreement"). The 2009 Settlement Agreement provided for "the withdrawal of all of Raghavendra's claims, in return for the payment of a very substantial dollar settlement award." *Raghavendra v. Trustees of Columbia Univ.*, 686 F. Supp. 2d 332, 334 (S.D.N.Y. Feb. 19, 2010).

But, as indicated earlier, the 2009 Settlement Agreement did not end the dispute; rather it inspired more litigation. Although the terms of the 2009 Settlement Agreement was "final and binding upon the parties," Raghavendra filed a flurry of motions seeking to disavow the agreed

---

[1] The retainer agreement between Raghavendra and Stober provides: "(1) [Raghavendra] would pay a non-refundable up-front fee of $10,000.00 to the Stober Defendants as well as one-third (33.33%) of all monies received; (2) [Raghavendra] would pay for all costs incurred by the Stober Defendants in connection with the litigation and (3) [Raghavendra] would receive a credit for the up-front fee against any one-third contingency fee awarded by the Court." *Raghavendra*, 2012 WL 3778714, at *3 (Pitman, Mag. J.).

[2] One of the State Court cases, *Raghavendra*, N.Y. County Index No. 600002/2011, was removed to this Court under 28 U.S.C. §1441, but this Court remanded it back to the State Court for the lack of subject matter jurisdiction. *See* Case No. 11 Civ. 9251, ECF 28. The Court must admit that it made a mistake when it did so. The Court should have retained jurisdiction; Raghavendra exploited this mistake by tramping through the State Court System for four years.

2

upon terms, refusing to sign a general release, and objecting to any payment of legal fees to Stober. *Id.* at 335.

On February 19, 2010, the Court issued an order to deter Raghavendra, upholding the 2009 Settlement Agreement, dismissing all cases pending before the Court, and instructing Raghavendra to tender a general release of all claims against all defendants in all actions, as well as Raghavendra's EEOC charge. *Id.* at 338.

The February 19, 2010 Order went unheeded, however, even after the Second Circuit affirmed it. *Raghavendra*, 434 F. App'x 31 (2d Cir. 2011). On December 20, 2013, the Court entered another order, yet again instructing Raghavendra to "execute an appropriate general release of all claims in connection with this matter" by January 31, 2014, noting that Raghavendra's "intransigence, resort to obstructive tactics, and his continuing pattern of disregard for the Court's orders leaves the Court with no other choice but to enforce its orders and directions via its contempt powers." *Raghavendra*, 2013 WL 12109400, at *2–3 (S.D.N.Y. Dec. 20, 2013).

The December 20, 2013 Order went unheeded as well. In these circumstances, the Court had no other option, but to hold Raghavendra in contempt of court. *Raghavendra*, 2014 WL 1468092, at *2 (S.D.N.Y. Apr. 15, 2014). The Court added:

> The question of appropriate sanctions, however, is reserved for when this litigation has finally concluded, *i.e.*, when Raghavendra exhausts his state appeals. In determining the appropriate sanctions, the Court will consider the duration of Raghavendra's delay in complying with the Order and the extent to which he engages in a good-faith effort to cure his noncompliance following the entry of today's order.

*Id.*

A finding of contempt normally stops even the most aggressive litigants, but not Raghavendra. He continued to flagrantly disregard this Court's mandate. Instead of stopping his

litigation campaign, he filed three additional actions against Columbia and related defendants in federal and state courts.

Raghavendra's litigation campaign must now end. Each of his actions against Columbia and related defendants, in both federal and state courts, has now been dismissed or ordered to be dismissed.[3] Further litigation would simply continue this trespass on the fair administration of justice and common sense.

## DISCUSSION

I. **Columbia's Motion for Sanctions and Injunctions[4]**

Columbia moves for various sanctions and injunctions against Raghavendra. Each request is discussed in turn.

(1) Monetary Sanctions

*Per-diem Fine*

In the December 20, 2013 Order, the Court warned Raghavendra that if he did not comply with the order by January 31, 2014, the Court might impose "a fine of up to $1,000 for each day that he fails to comply, until March 31, 2014." *Raghavendra*, 2013 WL 12109400, at *2. The Court never imposed this fine, however, and given the passage of time, it is inappropriate to impose it now. Instead, the Court shall impose a per-diem fine under a new schedule tailored to induce prospective compliance with this Court's instructions. *See infra* §I(3). The opportunity for compliance is better served with a prospective per-diem fine. Accordingly, Columbia's motion for a retroactive per-diem fine is **DENIED**.

---

[3] On November 16, 2017, Raghavendra appealed this Court's *sua sponte* dismissal of Case No. 17 Civ. 4480.
[4] The motion is filed in three separate cases: Case No. 06 Civ. 6841, ECF 294; Case No. 08 Civ. 8120, ECF 162; Case No. 09 Civ. 0019, ECF 145.

4

*Reduction of Settlement Award, or, alternatively, Attorney's Fees and Costs*

Columbia moves for (1) a sanction which would reduce the settlement award beyond a minimum amount, or, alternatively, (2) set-off its attorneys' fees and costs against the settlement award. This motion is **DENIED**.

Here too, the passage of time has diminished the effectiveness of the proposed sanction. Further setting off attorneys' fees against the settlement award would necessitate another round of briefing in the allowance of the fee and its documentation. The history of this litigation compels the conclusion that this course of relief is not the best one to follow. The Court intends to issue an order (*see infra* §I(3)) which would impose an appropriate sanction to achieve compliance with the Court's orders.

(2) Injunctions

*Instruction to Withdraw Eastern District of New York Action*

Columbia moves for an order directing Raghavendra to withdraw *with prejudice* the Eastern District of New York action, Case No. 2:16 Civ. 4118 (E.D.N.Y), filed in defiance of the December 20, 2013 Order. As previously indicated, there is no basis for litigating this matter in the Eastern District of New York. Accordingly, the motion is **GRANTED**. The Court had already granted this relief during the October 20, 2017 Conference of Case No. 17 Civ. 4480. *See* Case No. 17 Civ. 4480, ECF 20. The Court reiterates the instruction here because Raghavendra announced his intention to defy the Court's order. *See* Case No. 2:16 Civ. 4118 (E.D.N.Y.), ECF 29 ("Plaintiff has absolutely no intention whatsoever of withdrawing any of his attorney misconduct claims in this court or in any other forum as a result of the (improper) October 20, 2017 order of the SDNY court"). The Court **ORDERS** Raghavendra to withdraw *with prejudice*

the Eastern District of New York action, Case No. 2:16 Civ. 4118 (E.D.N.Y.), by **December 18, 2017.** If he fails to do so, he shall be fined, as set forth Section I(3). *See infra.*

*Injunction Barring Submission of Documents to Federal Court System*

Columbia moves for an order barring Raghavendra from submitting any documents relating to Columbia and Proskauer attorneys to the federal court's filing system without prior approval by this Court. The motion is **GRANTED**. Raghavendra has previously been barred from submitting documents to the New York State Court's filing system "[g]iven plaintiff's continued assertion of frivolous claims and arguments." *Raghavendra*, N.Y. County Index No. 103331/12, Mashberg Decl. Ex. H, Case No. 06 Civ. 6841, ECF 296-8. Raghavendra is now similarly barred from submitting documents to the federal court's filing system.

Specifically, Raghavendra is barred from submitting any "Prohibited Document" using the federal court's filing system, such as the Court's Electronic Court Filing (ECF) system, without prior approval by this Court. Prohibited Document includes any document relating to: (1) the subject matter of the above-captioned cases *and* (2) any of the defendants, law firms, and attorneys associated with the above-captioned cases, including Columbia, Stober, Lee C. Bollinger, Robert Kasdin, William R. Scott, Joseph A. Ienuso, Karen A. Fry, Susan Rieger, Laura D. Barbieri, Jane E. Booth, National Labor Relations Board, Celeste J. Mattina, Gregg M. Mashberg, Proskauer Rose LLP, Schoeman,Updike & Kaufman, LLP, and Gordon & Rees, LLP. If Raghavendra violates this instruction, the Court shall find Raghavendra in contempt of court and impose **$5,000** in civil fine per day until the Prohibited Document is withdrawn or stricken.

There is no prejudice to Raghavendra in this injunction. Each of the above-captioned cases was dismissed *with prejudice.* Each of Raghavendra's claims against all defendants in all actions has been settled. Accordingly, absent unforeseeable circumstances, Raghavendra need not submit

any Prohibited Document to the Court. If unforeseeable circumstances do arise, Raghavendra may submit a two page double-spaced letter, seeking approval to submit a Prohibited Document.

(3) Relief the Court Deems Just and Proper

Columbia moves for any relief that the Court deems just and proper. The Court directs Raghavendra to comply with this Court's prior orders to: (1) execute a general release of all claims against all defendants; *and* (2) withdraw *with prejudice*, the Eastern District of New York action, Case No. 2:16 Civ. 4118 (E.D.N.Y.). *See* Case No. 06 Civ. 6841, ECF 239, 262; Case No. 17 Civ. 4480, ECF 20. His failure to do so shall result in the imposition of a per-diem fine which will continue until such time as Raghavendra complies with the Court's instructions.

The Court has a "broad discretion to design a remedy that will bring about [litigant's] compliance." *Paramedics Electromedicina Comercial, Ltda v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 657 (2d Cir. 2004) (internal quotation marks omitted). In exercising the discretion, a district court must explicitly consider "(1) the character and magnitude of the harm threatened by the continued contumacy, (2) the probable effectiveness of the sanction in bringing about compliance, and (3) the contemnor's financial resources and the consequent seriousness of the sanction's burden." *New York State Nat. Org. for Women v. Terry*, 886 F.2d 1339, 1353 (2d Cir. 1989).

This case represents the perfect example for a monetary sanction, in the form of a per-diem fine, to induce compliance with the Court's orders. The character and magnitude of the harm threatened by the continued contumacy are serious. Raghavendra continues to defy the Court's repeated instructions to bring his litigation campaign to an end. His fruitless pursuit of unavailable remedies has inflicted significant monetary and emotional burden on Defendants and related parties. Raghavendra has taken advantage of the judicial process by endless litigation, but

7

without compliance on his part. This calls out for appropriate measures to finally end the litigation.

A per-diem fine would be effective in bringing about compliance. A per-diem fine is widely recognized as an effective coercive tool. *See, e.g., CE Int'l Res. Holdings LLC v. S.A. Minerals, Ltd.*, No. 12-cv-8087 CM, 2013 WL 324061, at *3 (S.D.N.Y. Jan. 24, 2013) (imposing a monetary sanction of $5,000 per day for each day of non-compliance with the court's order); *Comverse, Inc. v. Am. Telecommunications, Inc. Chile S.A.*, No. 07-cv-11121 PKL, 2009 WL 464446, at *1 (S.D.N.Y. Feb. 24, 2009) (imposing a monetary sanction of $250 per day for each day that a party fails to fully respond to a subpoena).

Accordingly, Raghavendra is **ORDERED** to:

(1) execute, by **January 2, 2018**,

(a) a general release submitted to this Court in Case No. 06 Civ. 6841, ECF 144; *or, alternatively,*

(b) upon Columbia's application by **December 10, 2017** and subject to this Court's approval, a general release of all claims against all defendants substantially similar to the release submitted to this Court in Case No. 06 Civ. 6841, ECF 144; *and*

(2) withdraw *with prejudice*, by **December 18, 2017**, the Eastern District of New York action, Case No. 2:16 Civ. 4118 (E.D.N.Y.).

*See* Case No. 06 Civ. 6841, ECF 239, 262; Case No. 17 Civ. 4480, ECF 20. Failure to comply with either (1) or (2) shall trigger a fine of **$1,000 per day** for each day Raghavendra is in non-compliance. Failure to comply with both (1) *and* (2) by **January 31, 2018** shall result in an increased fine of **$5,000 per day** for each day Raghavendra is in non-compliance after January

8

31, 2018. If Raghavendra fails to comply with both (1) *and* (2) by **February 28, 2018**, the Court reserves its right to impose further coercive measures, up and including **civil confinement** until compliance has been achieved.

## II. Stober's Motion for Sanctions and Injunctions[5]

Stober moves for monetary sanctions and injunctions against Raghavendra.[6] Stober requests: (1) a monetary sanctions of $1,000 per day, from January 31, 2014 through March 31, 2014; (2) a continued monetary sanctions of $1,000 per day thereafter for Raghavendra's continued contemptuous conduct; (3) a set-off against the settlement award the attorneys' fees and costs Stober has incurred in defending against Raghavendra in federal and state court actions; (4) an order instructing Raghavendra to withdraw the Eastern District of New York action, Case No. 2:16 Civ. 4118; (5) an order barring Raghavendra from filing with the federal court any papers related to Stober; (6) an order barring Raghavendra from filing with the federal court any papers related to Gordon & Rees LLP and its constituents; (7) an order striking all of Raghavendra's papers with *ad hominem* attacks on Stober; and (8) any further relief this Court deems just and proper. Case No. 06 Civ. 6841, ECF 306. Many of the requested relief are moot in view of the disposition of Columbia's motion for sanctions and injunctions. *See supra* §I. Accordingly, any requested relief not specifically addressed below is **DENIED AS MOOT**.

(1) Motion to Strike Papers with *ad hominem* Attacks on Stober

Stober moves to strike papers with *ad hominem* attacks on Stober. This motion is **GRANTED**. The Court directs Stober to identify, via a letter to the Court by December 31, 2017, ECF docket entries that include the challenged documents.

---

[5] The motion is filed in Case No. 06 Civ. 6841, ECF 306.
[6] Stober is not a named party to any of the above-captioned cases. The Court has always treated Stober as an intervenor. The Court continues to do so here.

(2) Relief the Court Deems Just and Proper

Stober moves for any relief that the Court deems just and proper. This Court had previously held that Stober is entitled to a "one-third of the settlement proceeds in legal fees, less a credit of $10,000.00." *Raghavendra v. Trustees of Columbia Univ.*, 2012 WL 3778823, at *7 (S.D.N.Y. Aug. 31, 2012). Accordingly, once Raghavendra executes an appropriate general release and Columbia tenders the settlement proceeds, *see supra*, the Court authorizes Stober to retain, from the settlement proceeds, "one-third of the settlement proceeds in legal fees, less a credit of $10,000.00." *Id.*

### III. Raghavendra's Motions

All of Raghavendra's motions are **DENIED**. These motions are inappropriate and cannot be pursued by a litigant in contempt of court. Each of the pending motions is reviewed in turn.

(1) December 8, 2016 Motions[7]

*Motion to Compel Columbia to Complete Arbitration*

Raghavendra moves the Court to compel Columbia to arbitrate the release language as allegedly required by the 2009 Settlement Agreement. Case No. 06 Civ. 6841, ECF 325 at 5. The motion is **DENIED**.

Over the past eight years, Raghavendra has evaded every one of Columbia's good faith attempts to finalize the general release contemplated by the 2009 Settlement Agreement. Raghavendra cannot now turn around and request an arbitration to rehash what he previously agreed to. This Court and the Second Circuit repeatedly made very clear that Raghavendra must tender to Columbia a general release of all claims against all defendants in all actions and the

---

[7] The identical motions are filed in three separate cases: Case No. 06 Civ. 6841, ECF 325, 326; Case No. 08 Civ. 8120, ECF 177, 178; Case No. 09 Civ. 0019, ECF 160, 161.

10

EEOC charge. *Raghavendra*, 686 F. Supp. 2d at 338; *Raghavendra*, 434 F. App'x at 31. It is inconceivable that a tender of a general release requires further arbitration.

### *Cross-Motion to Deny or Stay Injunctions and Sanctions*

Raghavendra cross-moves the Court to deny injunctions and sanctions requested by Columbia and Stober, or, alternatively, stay the enforcement of the injunction and sanctions. Case No. 06 Civ. 6841, ECF 325 at 4. The cross-motion is **DENIED**.

As discussed above, the Court imposes monetary sanctions and injunctions against Raghavendra. Accordingly, the cross-motion to deny the injunctions and sanctions is **DENIED**.

The Court also **DENIES** the cross-motion to stay the enforcement of injunctions and sanctions "pending his interlocutory appeal in the Second Circuit Court of Appeals for completion of the [arbitration] ... based on Order to Show Cause already pending in the [Raghavendra's] 16-CV 4118 (JMA) (SIL) Federal Court action in the Eastern District of New York." *Id.*

The Court can exercise its discretion to "stay enforcement of the sanctions pending appeal." *De La Fuente v. DCI Telecommunications, Inc.*, 269 F. Supp. 2d 237, 245 (S.D.N.Y. May 28, 2003). But there is absolutely no reason here to exercise that discretion. There is no legal or factual bases or policy reasons to stay the enforcement of injunctions and sanctions solely based on an *anticipated* interlocutory appeal in *another* case before *another* district court. And certainly not where the stay motion is based on an action that this Court has instructed to withdraw *with prejudice*.

### *Cross-Motion to Strike Stober's Motion*

Raghavendra cross-moves the Court to strike the Stober's motion for injunctions and sanctions addressed in Section II. Case No. 06 Civ. 6841, ECF 326 at 4. The cross-motion is

**DENIED**. The Court has thus far treated Stober as an intervenor, and the Court continues to do so here.

*Motion to Vacate December 2013 and April 2014 Orders*

Raghavendra moves for vacatur of the December 2013 Order and the April 2014 Order under Fed. R. Civ. P. §§ 60(b), 60(d)(3) on the basis that the Court's Orders were obtained "based on the attorneys' perjury and or fraudulent misrepresentations of the [2009 Settlement Agreement] ... ."[8] *Id.* at 5. The motion is **DENIED**.

First, this motion is untimely. "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) *no more than a year after the entry of the ... order ... .*" Fed. R. Civ. P. § 60(c)(1) (emphasis added). Raghavendra brings this motion under (3) and complains of orders entered more than 3 years ago. The motion is untimely.

Second, the motion lacks merit. Raghavendra fails to provide any objective evidence that the orders were obtained "based on the attorneys' perjury and or fraudulent misrepresentations." Case No. 06 Civ. 6841, ECF 326 at 5.

Third, the New York State court already addressed and rejected allegations of perjury and fraudulent misrepresentations. *Raghavendra*, N.Y. County Index No. 600002/2011; *Raghavendra*, N.Y. County Index No. 450287/2016 (formerly Nassau County Index No. 604419/2015). Accordingly, this Court need not address them.

---

[8] While Raghavendra does not specify the sub-section of Rule 60(b) under which this motion is brought, based on the allegations of fraud, perjury and misrepresentation, the Court assumes that the motion is brought under Rule 60(b)(3).

12

*Motion to Compel Columbia to Accept Release of Claims Solely against Columbia*

Raghavendra moves the Court to compel Columbia to accept a release of all claims against Columbia without prejudice to Raghavendra's claims against Stober and Columbia's attorneys. Case No. 06 Civ. 6841, ECF 326 at 5. The motion is **DENIED**.

Raghavendra's attorney misconduct claims against Stober and Columbia's attorneys have already been reviewed and dismissed by the New York State Courts. *Raghavendra.*, N.Y. County Index Nos. 600002/2011, 450287/2016. Accordingly, the Court finds no reason to compel Columbia to accept a release of all claims against Columbia without prejudice to Raghavendra's claims against Stober and Columbia's attorneys.

*Motion for Evidentiary Hearing or Fact-Finding Regarding Settlement Agreement*

Raghavendra seeks an evidentiary hearing or fact-finding regarding the 2009 Settlement Agreement; as well as why Raghavendra should be sanctioned for the alleged "elaborate fraud scheme masterminded by the attorneys." Case No. 06 Civ. 6841, ECF 326 at 6. The motion is **DENIED**.

The Court already conducted a fact-finding regarding the 2009 Settlement Agreement, and there is no reason to revisit it. The Court determined, after a thorough review, that the Settlement Agreement requires Raghavendra to "release [] all claims against all defendants in all actions and the EEOC Charge." *Raghavendra*, 686 F. Supp. 2d at 338. This finding was affirmed by the Second Circuit. *Raghavendra*, 434 F. App'x 31. Raghavendra does not identify or proffer any new evidence or development that would warrant re-investigating the Court's prior determination.

(2) September 11, 2017 Motion[9]

*Motion for Disqualification*

Raghavendra moves the Court to disqualify Mr. Gregg Mashberg and/or the Proskauer Rose LLP Law Firm as the attorney for Defendant Columbia. Raghavendra's motion relies heavily on baseless allegations of fraud, misrepresentations, tortious interference, and breach of fiduciary duty. But Raghavendra does not submit any supporting facts or evidence. *See* Case No. 06 Civ. 6841, ECF 345 at 2. There is none to submit. The motion is **DENIED**.

Disqualification motions are committed to the court's discretion. *Application of Utica Mut. Ins. Co. v. INA Reinsurance Co.*, 468 F. App'x 37, 38 (2d Cir. 2012). In this Circuit, courts show "considerable reluctance to disqualify attorneys" because disqualifications are tactically motivated, cause undue delay, add expenses, and have "an immediate adverse effect on the client by separating him from counsel of his choice." *Board of Ed. of City of New York v. Nyquist*, 590 F.2d 1241, 1246 (2d Cir. 1979). Accordingly, the moving party "must satisfy a high standard of proof." *Felix v. Balkin*, 49 F.Supp.2d 260, 267 (S.D.N.Y. May 7, 1999) (internal quotations omitted).

Raghavendra does not come close to meeting this high burden. Raghavendra's contentions are filled with legal, often baseless, conclusions. For example, Raghavendra contends that Mr. Mashberg fraudulently misrepresented the 2009 Settlement Agreement as a "final settlement agreement." Case No. 06 Civ. 4480, ECF 346 at 9–11. The Court disagrees. This Court held, and the Second Circuit affirmed, that the 2009 Settlement Agreement "was binding, enforceable, and disposed of all of [Raghavendra's] claims against the defendants." *Raghavendra*, 434 F. App'x

---

[9] The motion is filed in four separate cases: Case No. 06 Civ. 6841, ECF 345; Case No. 08 Civ. 8120, ECF 191; Case No. 09 Civ. 0019, ECF 175; Case No. 17 Civ. 4480, ECF 9.

31. Accordingly, even if Mr. Mashberg had stated that the 2009 Settlement Agreement was final—of which there is no factual record—Mr. Mashberg had more than a reasonable basis for that representation. Raghavendra's motion is permeated with similar baseless and factually incorrect allegations. The Court rejects them all. The motion is DENIED.

### *Motion to Enjoin Columbia's Attorneys from Obstructing Arbitration*

Raghavendra moves the Court to enjoin Columbia's attorneys from obstructing the arbitration between Raghavendra and Columbia. Case No. 06 Civ. 6841, ECF 345 at 3. This motion is **DENIED**. The Court previously denied Raghavendra's motion to compel arbitration. *See supra*. Raghavendra has no right to arbitration. Accordingly, no injunction is necessary.

(3) October 30, 2017 Motions[10]

Raghavendra moves for: (1) reconsideration of the October 20, 2017 Order of Dismissal in Case No. 17 Civ. 4480 and (2) leave to file affidavit in support of the motion for reconsideration. Both motions are **DENIED**.

Raghavendra's motion for reconsideration does not cite any new evidence or an intervening change in controlling law, but rather it rehashes his prior arguments on matters that have already been decided. Central to Raghavendra's contention is that he still has valid claims against Columbia; but there are no such claims. They have all been released. The Second Circuit affirmed this Court's order that the 2009 Settlement Agreement released "all claims against *all defendants in all actions* and the EEOC Charge." *Raghavendra*, 686 F. Supp. 2d at 338 (emphasis added); *Raghavendra*, 434 F. App'x 31. This statement cannot be interpreted as preserving any of

---

[10] Case No. 17 Civ. 4480, ECF 23, 24.

Raghavendra's claims against Columbia. The October 20, 2017 order of dismissal stands with full force.

Raghavendra also contends that the Court did not have the power to instruct Raghavendra to terminate the Eastern District of New York ("EDNY"), Case No. 2:16 Civ. 4118. Not so. Under 28 U.S.C. § 1651, the Court has the power to "effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *United States v. New York Tel. Co.*, 434 U.S. 159, 172–74 (1977). This power was appropriately exercised here because Raghavendra attempted to evade this Court's prior orders and jurisdiction by trying to open a new, without any basis, venue to litigate claims that had already failed. The Court's power under 28 U.S.C. § 1651 must be exercised in these circumstances. *See Pandozy v. Segan*, 340 F. App'x 723, 725 (2d Cir. 2009) (under 28 U.S.C. § 1651, "district courts have the authority to issue filing injunctions to prevent vexatious litigation"); *see also In re Martin–Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984) (district courts have "the power and the obligation to protect the public and the efficient administration of justice from [an individual's] litigious propensities"). The Court also provided Raghavendra with notice and opportunity to be heard, affording him sufficient due process. *See* 10/20/2017 Tr., Case No. 06 Civ. 6841, ECF 354.

Accordingly, Raghavendra's motion for reconsideration is DENIED. In view of the injunctions entered against Raghavendra, *see supra*, Raghavendra's motion for leave to file an affidavit is also DENIED.

(4) November 3, 2017 Motion[11]

---

[11] The motion is filed in three separate cases: Case No. 06 Civ. 6841, ECF 352; Case No. 08 Civ. 8120, ECF 198; Case No. 09 Civ. 0019, ECF 182.

Raghavendra filed a motion to stay disposition of all "civil contempt related" motions in Case Nos. 06 Civ. 6841, 08 Civ. 8120, 09 Civ. 0019 pending outcome of full litigation or an appellate decision in "inextricably intertwined" cases: Case No. 17 Civ. 4480 (S.D.N.Y.) and Case No. 2:16 Civ. 4418 (E.D.N.Y.). Alternatively, Raghavendra demands a jury trial. This motion is substantially identical to the December 8, 2016 motion to stay injunctions and sanctions. *See supra* §III(1). Accordingly, for the reasons previously stated in denying the December 8, 2016 motion, Raghavendra's November 3, 2017 motion is **DENIED**.

### IV.   November 8, 2017 Motion by Columbia[12]

Columbia moves for sanctions and injunctions in view of the Raghavendra's October 30, 2017 motion for reconsideration, which the Court denied. *See supra* §III(3). Specifically, Columbia requests for: (1) an order barring Raghavendra from using the Court's Electronic Case Filing (ECF) system; (2) an order directing the clerk not to accept any filings from Raghavendra without prior judicial permission; (3) an order directing Raghavendra to withdraw the Eastern District of New York action, Case No. 2:16 Civ. 4118 (E.D.N.Y.); (4) an order barring Raghavendra from filing any action in any federal or state courts with respect to the subject matter of this action; (5) an order directing the clerk to strike from the record any documents containing accusations of criminal conduct by Columbia and its attorneys; and (6) an award of reasonable attorney's fees and costs incurred in 17 Civ. 4480. Many of the requested sanctions and injunctions were addressed in the Court's disposition of the Columbia's October 31, 2016 motion for sanctions and injunctions. *See supra* §I. Accordingly, any requested relief not specifically addressed below is **DENIED AS MOOT**.

---

[12] Case No. 17 Civ. 4480, ECF 26.

### (1) Injunction Barring Filing of Any Action

Columbia moves for an order barring Raghavendra from filing any action in any federal or state court against Defendants and their attorneys related to the subject matter of Case Nos. 06 Civ. 6841, 08 Civ. 8120, 09 Civ. 0019, and 17 Civ. 4480. The motion is **GRANTED**.

The Court has the power to limit a litigant's access to courts. 28 U.S.C. § 1651(a); *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986). Such power can be exercised in consideration of the five *Safir* factors,[13] but "[u]ltimately, the question … is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties." *Id.*

The record is clear that Raghavendra has a history of vexatious litigation and that, but for this injunction, his behavior is likely to continue. He has led a decade-long litigation campaign against Defendants and he has done so in contravention of the Court's orders. This has caused significant, unnecessary burdens not only on Defendants but also on the Court. No other sanctions or injunctions would be adequate to protect the Defendants and the Court from Raghavendra's vexatious, harassing and duplicative lawsuits. *See also Raghavendra*, N.Y. County Index No. 103331/12, Mashberg Decl. Ex. H, Case No. 06 Civ. 6841, ECF 296-8.

If Raghavendra files any action against Defendants and their attorneys related to the subject matter of Case Nos. 06 Civ. 6841, 08 Civ. 8120, 09 Civ. 0019, and 17 Civ. 4480 in any federal or state court, the Court shall find Raghavendra in contempt of court and impose $5,000 in civil fine per day until the newly filed action is dismissed or withdrawn.

### (2) Order Striking Documents Containing Accusations of Criminal Conduct

---

[13] The five *Safir* factors are: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Id.* at 24.

Columbia moves the Court to strike documents containing accusations that Columbia's attorneys engaged in criminal conduct. The motion is **GRANTED**. The Court directs Columbia to identify, via a letter to the Court by December 31, 2017, ECF docket entries that include the challenged documents.

## CONCLUSION

In summary, the Court **ORDERS** the following:

1. Raghavendra must:

    (1) execute, by **January 2, 2018**,

    >(a) a general release submitted to this Court in Case No. 06 Civ. 6841, ECF 144; *or, alternatively,*

    >(b) upon Columbia's application due on **December 10, 2017** and subject to this Court's approval, a general release of all claims against all defendants substantially similar to the release submitted to this Court in Case No. 06 Civ. 6841, ECF 144; *and*

    (2) withdraw *with prejudice*, by **December 18, 2017**, the Eastern District of New York action, Case No. 2:16 Civ. 4118 (E.D.N.Y.).

    Failure to comply with either (1) or (2) shall trigger a fine of **$1,000 per day** for each day Raghavendra is in non-compliance. Failure to comply with both (1) *and* (2) by **January 31, 2018** shall result in an increased fine of **$5,000 per day** for each day Raghavendra is in non-compliance after January 31, 2018. If Raghavendra fails to comply with both (1) *and* (2) by **February 28, 2018**, the Court reserves its right to impose further coercive measures, up and including **civil confinement** until compliance has been achieved.

2. Raghavendra must not submit any Prohibited Document as defined herein using the federal court's filing system without prior approval by this Court. If Raghavendra violates this order, the Court shall find Raghavendra in contempt of court and impose **$5,000** in civil fine per day until the Prohibited Document is withdrawn or stricken.

3. Raghavendra must not file any action against Columbia, Stober, and their attorneys related to the subject matter of Case Nos. 06 Civ. 6841, 08 Civ. 8120, 09 Civ. 0019, and 17 Civ. 4480 in any federal or state court. If Raghavendra violates this order, the Court shall find Raghavendra in contempt of court and impose **$5,000** in civil fine per day until the newly filed action is withdrawn or dismissed.

4. Stober shall identify, via a letter to the Court by December 31, 2017, ECF docket entries that include papers with *ad hominem* attacks.

5. Stober is authorized to retain, from the settlement proceeds, one-third of the settlement proceeds in legal fees, less a credit of $10,000.00.

6. Columbia shall identify, via a letter to the Court by December 31, 2017, ECF docket entries that include documents with accusations of criminal conduct.

The Clerk of the Court for the Southern District of New York is directed not to accept from Raghavendra any Prohibited Document, as defined herein, using the federal court's filing system, such as the Court's ECF system. The Clerk is directed to close all pending motions in Case Nos. 06 Civ. 6841, 08 Civ. 8120, 09 Civ. 0019, and 17 Civ. 4480.

Dated: New York, New York  
December 1, 2017

SO ORDERED

*/s/ Paul A. Crotty*  
PAUL A. CROTTY  
United States District Judge