USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-18-17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

R. S. RAGHAVENDRA,

              *Plaintiff*,

-*against*-

THE TRUSTEES OF COLUMBIA
UNIVERSITY in the City of New York, et al.,

              *Defendants*.

------------------------------------------------------------X

Case Nos.:

06 Civ. 6841 (PAC) (HBP)
08 Civ. 8120 (PAC) (HBP)
09 Civ. 0019 (PAC) (HBP)
17 Civ. 4480 (PAC) (HBP)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

On December 1, 2017, the Court ordered Raghavendra to execute, by January 2, 2018, (a) a general release submitted to this Court in Case No. 06 Civ. 6841, ECF 144; or, alternatively, (b) upon Columbia's application due on December 10, 2017 and subject to this Court's approval, a general release of all claims against all defendants substantially similar to the release submitted to this Court in Case No. 06 Civ. 6841, ECF 144. *See* Case No. 06 Civ. 6841, ECF 357. On December 8, 2017, Columbia indicated its intention to submit a revised general release for the Court's approval, but requested an extension of the December 10, 2017 deadline, until December 14, 2017. *Id.*, ECF 358. This Court subsequently granted the request. *Id.*, ECF 359.

On December 14, 2017, Columbia filed, under seal, an application for approval of a revised settlement agreement including a revised general release. *See id.*, ECF 363. On the same day, Raghavendra filed a letter requesting a permission to file motions to (1) reconsider a stay of the December 1, 2017 Order pending his appeal to the Second Circuit, and (2) unseal the 2009 settlement documents. *See id.*, ECF 362.

1

For the following reasons, this Court **GRANTS** the Columbia's application and **DENIES** the Raghavendra's request for a permission to file his motions.

**<u>Columbia's Application for Approval of Revised Settlement Agreement</u>**

Columbia files an application for approval of a revised settlement agreement that it deems necessary to protect itself from Raghavendra's vexatious conduct. The revised settlement agreement incorporates the following adjustments to the settlement agreement previously submitted to this Court in Case No. 06 Civ. 6841, ECF 144:

1. **Whereas Clauses**: Adjustments to account for (1) legal proceedings that have taken place since the original settlement agreement was submitted and (2) Proskauer attorneys and Stober against whom any claims should also be released;

2. **Paragraph 1**: Adjustments to account for (1) this Court's December 1, 2017 Order and (2) certain court-ordered and contractually-obligated payments;

3. **Paragraph 1(a)**: Adjustments to account for the legal fees that Raghavendra owes to Stober;

4. **Paragraph 1(b)**: Adjustments to reflect Columbia's position that the settlement proceeds should be paid in installments;

5. **Paragraphs 1(b)(i)–(vi)**: Adjustments to account for court-ordered monetary awards imposed against Raghavendra;

6. **Paragraphs 1(c) and (d)**: Adjustments to reflect Columbia's position that the settlement proceeds should be paid in installments;

7. **Paragraph 1(e)**: Adjustments to encourage compliance with the settlement agreement or the December 1, 2017 Order;

8. **Paragraph 1(f)** : Adjustments to reflect Columbia's position that the settlement proceeds

2

should be paid in installments;

9. **Paragraph 3**: Adjustments to (1) prevent further challenges to the validity of the signed release and (2) set-off any accumulated *per diem* fines imposed pursuant to the December 1, 2017 Order;

10. **Paragraph 4**: Adjustments to the general release to (1) remove a carve out of claims against Proskauer Rose LLP and its attorneys and (2) stipulate to dismissal of remaining pending litigation;

11. **Paragraph 9**: Adjustments to remove a component that was not part of the original 2009 term sheet; and

12. **Paragraph 18**: Adjustments to include explicit acknowledgement that the settlement agreement cannot be challenged.

The Court approves the above-identified adjustments as the Court finds them reasonable and in compliance with the Court's outstanding orders. The Court **DIRECTS** Raghavendra to execute the revised settlement agreement in Case No. 06 Civ. 6841, ECF 363-1 by **January 2, 2018**.[1]

### Raghavendra's Request for Permission

Raghavendra requests permission to file motions to (1) reconsider a stay of the December 1, 2017 Order pending his appeal to the Second Circuit and (2) unseal the 2009 settlement documents. *See* Case No. 06 Civ. 6841, ECF 362. The request is **DENIED**.

Raghavendra's request is grounded on an inaccurate characterization of the Second Circuit's administrative stay and unsupported legal conclusions. The Second Circuit's

---

[1] The imposition of monetary sanctions for violating this order may be subject to an administrative temporary stay entered by the Second Circuit. *See* Case No. 17-3816, Dkt. 49.

administrative stay issued on December 13, 2017 is narrow. The Second Circuit granted an administrative stay only with respect to "any monetary sanction that might arise from filing of this appeal, or from the December 18 and January 2 deadlines imposed by the district court, without prejudice … to reinstate … any one or more of the sanctions imposed." *See* Case No. 17-3816, ECF 49. This narrow administrative stay is at odds with Raghavendra's characterization that the Second Circuit ordered a stay of the December 1, 2017 so that Raghavendra is not compelled to sign any release. The Second Circuit explicitly "decline[d] to grant an administrative stay as to the other components of the district court's sanctions order," *id.*, including the "component" to execute a general release. In addition, Raghavendra concludes, without any supporting facts, that "Columbia defendants have already breached each and every one of the expressly agreed terms." *Id.* The Court cannot give any weight to such unsupported legal conclusions.

Therefore, the Court finds no compelling reason to permit Raghavendra to file motions to (1) reconsider a stay of the December 1, 2017 Order pending his appeal to the Second Circuit and (2) unseal the 2009 settlement documents. Accordingly, the Court DENIES Raghavendra's requests for permission to file the above-identified motions.

Dated: New York, New York  
December 18, 2017

SO ORDERED

*/s/ Paul A. Crotty*  
PAUL A. CROTTY  
United States District Judge