UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
R. S. RAGHAVENDRA,     :
              Plaintiff,     :    06 Civ. 6841 (PAC) (HBP)
    :    08 Civ. 8120 (PAC) (HBP)
  -against-    :    09 Civ. 0019 (PAC) (HBP)
    :    17 Civ. 4480 (PAC) (HBP)
THE TRUSTEES OF COLUMBIA UNIVERSITY   :
in the City of New York, et al.,     :    **OPINION & ORDER**
            Defendants.     :
------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

On December 1, 2017, the Court ordered Plaintiff Raghavendra to execute a general release of all claims against all defendants by January 2, 2018, and withdraw with prejudice the Eastern District of New York ("EDNY") action, Case No. 2:16 Civ. 4118 (E.D.N.Y.), by December 18, 2017. *Raghavendra v. Trustees of Columbia Univ.*, 2017 WL 6000553, at *9 (S.D.N.Y. Dec. 1, 2017). The Court warned that non-compliance with the order would trigger a fine of $1,000 per day for each day of non-compliance, and that if the non-compliance continued until after January 31, 2018, the fine would thereafter increase to $5,000 per day. The Court also invited Defendants Columbia University and its staff members (collectively "Columbia") to submit a general release to be executed by Plaintiff, if they so desire. *Id.* On December 14, 2017, Columbia submitted a revised settlement agreement including the solicited general release, and on December 18, 2017, the Court approved it for Plaintiff's execution.[1] ECF 363, 365.[2] The revised settlement agreement provided for a settlement payment in three installments. *See* ECF 363.

Despite the stark warnings and stiff fines, the Court's orders fell on deaf ears. Plaintiff filed a notice of appeal from the Court's December 1, 2017 order and sought stay of the order pending appeal, which the Second Circuit denied. *See* Case No. 17-3816 (2d Cir.), ECF 49, 88.

---

[1] The Court extended the January 2, 2018 deadline for executing the general release to January 16, 2018 in consideration of further amendments to the revised settlement agreement. ECF 375, 380.

[2] Unless noted otherwise, all ECF entries refer to those docketed under Case No. 06 Civ. 6841.

1

Plaintiff has refused to execute the revised settlement agreement; he has instead attempted to append broad disclaimers to the agreement to effectively void the mandated general release. *See* ECF 383-1. Moreover, Plaintiff has yet to withdraw the EDNY action.[3] Yet Plaintiff brazenly claims he has fully complied with the Court's orders. *See* ECF 385, 392. He is wrong. He is clearly in violation of the Court's orders, and he now must face the consequences of his deliberate conduct.

## DISCUSSION

### I. Columbia's Motion to Set-Off Per-Diem Fines Against Any Settlement Payment[4]

Columbia moves to set-off Plaintiff's per-diem fines against any settlement payment to Plaintiff. This motion is **GRANTED IN PART**. Although civil contempt fines are generally payable to the United States Treasury (*see New York State Nat. Org. for Women v. Terry*, 159 F.3d 86, 91, 95 (2d Cir. 1998)), they may be awarded to an opposing party if the fines were imposed to coerce compliance with the Court's order issued for the benefit of the opposing party (*see State of N.Y. v. Shore Realty Corp.*, 763 F.2d 49, 54 (2d Cir. 1985)). Columbia is thus authorized to reduce the agreed-upon settlement payment by $1,000 per day from January 16, 2018 to January 31, 2018, and by $5,000 per day from February 1, 2018 until Plaintiff complies with all outstanding orders to the Court's satisfaction. The set-off shall be capped, however, to one-third (*i.e.*, 33.33%) of the agreed-upon settlement payment. Any adjudged fine not set-off against the settlement payment shall be payable to the United States Treasury.

### II. Stober's Motions[5]

Intervenors Louis D. Stober Jr. and the Law Offices of Louis D. Stober, Jr., LLC (collectively "Stober") move for various forms of relief to facilitate recovery of his attorney's fees

---

[3] District Judge Azrack in the Eastern District of New York has stayed the EDNY action indefinitely. *See* December 14, 2017 Order, Case No. 2:16 Civ. 4118 (E.D.N.Y.).
[4] This motion is filed in four separate cases: Case No. 06 Civ. 6841, ECF 394; Case No. 08 Civ. 8120, ECF 231; Case No. 09 Civ. 0019, ECF 213; Case No. 17 Civ. 4480, ECF 58.
[5] This motion is filed in ECF 393.

2

and sanction awards. Stober seeks to: (1) recover, from first two installments of Columbia's settlement payment to Plaintiff, sanction awards and attorney's fees awarded in the New York State court actions; (2) receive one half of any civil contempt fines adjudged against Plaintiff; and (3) intercept Columbia's installments to Plaintiff so that Stober can distribute the proceeds to Plaintiff. Stober's motions are **DENIED**.

First, the Court authorizes payment of Stober's sanction awards and attorney's fees from Columbia's settlement payment, but only upon Plaintiff's receipt of all installments *net of* setoffs and sums owed to Columbia and Stober (including the sanction awards and attorney's fees). Second, the Court declines to award one half of civil contempt fines to Stober. The December 1, 2017 order was not issued for Stober's benefit; rather, it was entered to end this vexatious litigation in which he is not a defendant.[6] Stober is thus not entitled to the adjudged fines. *See Shore Realty*, 763 F.2d at 54. Third, the Court orders Columbia to pay Plaintiff directly. Stober no longer represents Plaintiff. There is no reason to entrust Stober with the responsibility of distributing proceeds to Plaintiff.

### III. Plaintiff's Motions[7]

Plaintiff moves for: (1) disgorgement of attorney's fees from Stober; (2) vacatur of the Court's December 2017 orders; (3) stay of all orders pending his appeals; (4) reassignment of all district court cases to another judge; and/or (5) a declaration that Plaintiff has already complied with the pending orders. All motions are **DENIED**.

As a threshold matter, Plaintiff filed these motions without the Court's leave, in violation of the December 1, 2017 order and the Court's Individual Rules of Practice. The Court permitted

---

[6] Stober is an intervenor for the limited purpose of recovering attorney's fees.
[7] These motions are filed in four separate cases: Case No. 06 Civ. 6841, ECF 397, 399; Case No. 08 Civ. 8120, ECF 234, 236; Case No. 09 Civ. 0019, ECF 216, 218; Case No. 17 Civ. 4480, ECF 61, 63.

Plaintiff to respond to Columbia's and Stober's motions, not to file his own motions. *See* ECF 387. Plaintiff's motions can be denied on this basis alone.

In any event, Plaintiff's motions are meritless. The motion for disgorgement of attorney's fees is denied because the Second Circuit has already affirmed the fees at issue. *See Raghavendra*, 434 F. App'x 31 (2d Cir. 2011). The motion to vacate the Court's orders is denied because Plaintiff has not identified or proffered any new evidence or development that would warrant re-investigation of the Court's prior orders. Plaintiff's remaining motions are denied because they are substantially similar to previously denied motions. *See* ECF 385, 389, 403.

## **CONCLUSION**

In summary, Columbia's motion to set-off civil contempt fines against any settlement payment is granted in part; Stober's motions are denied; and Plaintiff's motions are also denied. The Court again directs Plaintiff to comply with the Court's outstanding orders. If non-compliance continues after **May 15, 2018**, the Court will consider imposing further coercive measures, up and including civil confinement. Although Plaintiff contends such drastic measures are "unthinkable" (*see* ECF 389), they may be necessary in light of Plaintiff's lengthy, deliberate intransigence. The Court has inherent power to impose such measures to coerce compliance with its orders. *See Armstrong v. Guccione*, 470 F.3d 89 (2d Cir. 2006).

The Clerk of the Court is directed to close all pending motions in Case Nos. 06 Civ. 6841, 08 Civ. 8120, 09 Civ. 0019, and 17 Civ. 4480.

Dated: New York, New York
April 25, 2018

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

4